### CLEMENT *v.* CITY OF LATHROP.

(*Circuit Court, W. D. Missouri.* January, 1884.)

NAMES OF CORPORATIONS—EFFECT OF MISNOMER IN SIGNING CONTRACTS.

A corporation, like a natural person, may be known and designated by several names, although it can have but one corporate designation. It is well settled that it is not necessary in order that a corporation be bound by its contracts that they shall be made in its exact corporate name. If it appears from allegations and proof that the obligation sued upon was intended to be the obligation of the corporation sued, a recovery will not be defeated by reason of a misnomer.

*Bryant, Holmes & Waddell,* for plaintiff.
*Waters & Wyne,* for defendant.

McCRARY, C. J. This case is before the court on demurrer to petition. It is a suit upon certain bonds issued in the name of the "Town of Lathrop." The true corporate name, as the petition avers, was "The inhabitants of the town of Lathrop." It is averred in the petition that the municipality was commonly known as the "Town of Lathrop," and that the bonds were issued by "The inhabitants of the town of Lathrop," in and by the name of the town of Lathrop. A corporation, like a natural person, may be known and designated by

several names, although it can have but one corporate designation. It has long been settled that it is not necessary in order that a corporation be bound by its contracts that they shall be made in its exact corporate name. If it appears from the allegations and proof that the obligation sued upon was intended to be the obligation of the corporation sued, a recovery will not be defeated by reason of a misnomer alone. Such a misnomer of the corporation will not prevent a recovery "either by or against the corporation in its true name, provided its identity with that intended by the parties to the instrument be averred in the pleadings and apparent in the proof." Ang. & A. Corp. § 234; Daniel, Neg. Inst. § 399; Dill. Mun. Corp. (3d Ed.) § 179; *Minot* v. *Boston Asylum*, 7 Metc. 416. It is enough if the identity of the corporation is unmistakable, either from the face of the instrument or from the averments and proof.

Judged by this rule, I am of the opinion that the petition is good and sufficient, and the demurrer thereto is accordingly overruled.