**DETROIT AUTOMATIC . SCALE CO. v. TAYLOR et al.**

No. 8108—Opinion Filed Dec. 11, 1917.

(169 Pac. 908.)

(Syllabus.)

## 1. Corporations—Change of Name.

Plaintiff was incorporated and doing business under the name of S. C. S. Co., but changed its name according to law to the D. A. S. Co. Thereafter a bond was executed and delivered to it under its old name as obligee by C., as principal, with defendants T. and H. as sureties, guaranteeing the fidelity of C. while in the employ of plaintiff as salesman. D. A. S. Co. sued C., T., and H. for a breach of the bond. The evidence tends to show that, although its name was changed, there was practically no change in the organization or business of plaintiff; that after the delivery of the bond C. continued in plaintiff's employ as salesman; and that the change in the name did not affect the identity of the corporation. Held, that plaintiff was entitled to maintain a suit upon the bond.

## 2. Pleading—Reply—"New Matter."

The petition sought to ' recover upon a contract and bond. Defendants filed a verified general denial. Held, that the answer did not constitute "new matter" under Rev. Laws 1910, § 4753, entitling plaintiff to a reply thereto, and that a motion to strike such reply should be sustained.

Error from County Court, McCurtain County; J. D. Parks, Judge.

Action by the Detroit Automatic Scale Company against Tom G. Taylor and others. Judgment for defendants Taylor and Hunter, and plaintiff brings error. Reversed, and cause remanded, with directions to grant a new trial.

E. C. Armstrong, Keaton, Wells & Johnston, and Lloyd T. Chockley, for plaintiff in error.

Hosey & Jones, for defendants in error.

TURNER, J. On August 5, 1914, plaintiff in error, Detroit Automatic Scale Company, in the county court of McCurtain county, sued C. R. Carr, as principal, and defendants in error, Tom G. Taylor and T. W. Hunter, as sureties, on the following undertaking:

"Know all men by these presents that we, the undersigned, bind ourselves to pay the Stimpson Computing Scale Company, of Detroit, Mich., a corporation organized under the laws of the state of Indiana, with its principal office at Elkhart, Ind., the penal sum of ($500) five hundred and no/100 dollars. This bond is executed upon these conditions: Whereas, the undersigned C. R. Carr is about to enter the services of said company as salesman, now if he shall fully account to said company for all property and moneys it may furnish to him for any purpose connected with such salesman, and pay said company any balance that may be due them, then this bond shall be void; otherwise in full force.

"Signed this 21st day of April, 1913.
　　　　　　　"C. R. Carr.
　　　　　　　"Tom G. Taylor.
　　　　　　　"T. W. Hunter."

Plaintiff's amended petition alleged that on or about January 28, 1913, the Stimpson Computing Scale Company, a corporation, entered into a written contract with C. R. Carr to act as agent and salesman for said company, by the terms of which said Carr was to sell and handle the scales of said company in certain designated territory in this state; that, while acting as such agent, he breached his bond and contract of employment with said company by failing to account for all moneys coming into his hands as such agent. Plaintiff attached an itemized statement of the accounts between said company and said Carr as an exhibit, showing a balance due said company from Carr of $799.22. Plaintiff then alleged:

"That it is the company, composed of the same officers and stockholders described as the Stimpson Computing Scale Company of Detroit, Mich., in said contract marked Exhibit A, and the bond marked Exhibit B, and for a number of years did business under said name, but on or about the—day of ——, through regular publication of the secretary of state, said company changed its name to avoid confusion with other companies of similar names, and plaintiff alleges that it is the identical company set forth and described as the Stimpson Computing Scale Company."

Plaintiff prayed:

"That it have judgment against the said C. R. Carr in the amount set forth in said statement of account, to wit, * * * $799.22, and interest at 6 per cent. from 30th day of June, 1914, and that it may have and recover judgment against the defendants Tom G. Taylor and T. W. Hunter and each of them, in the sum of $500, the same being the full extent of the penalty in the said bond marked Exhibit B."

For answer defendants Taylor and Hunter filed a verified general denial. For reply plaintiff attempted to predicate a new cause of action upon an "account stated," to which a motion to strike was sustained. The cause was tried to the court, and a demurrer sustained to the evidence of plaintiff,

judgment entered for defendants, and plaintiff brings the case here. No judgment was taken against Carr.

The court erred in sustaining the demurrer to the evidence; this for the reason that the evidence shows that in September, 1912, the name of Stimpson Computing Scale Company was changed according to law to the Detroit Automatic Scale Company, plaintiff herein; that this contract and bond were subsequently entered into by plaintiff under its old name, to wit, Stimpson Computing Scale Company; that this bond was delivered to the agent of the plaintiff, the Detroit Automatic Scale Company, and was accepted by it; that the principal of said bond, Carr, continued to work for plaintiff; that said plaintiff was erroneously described in said bond under its former name, after it had changed its name by authority of the secretary of state. The evidence further shows that there was no change whatever in the organization of the plaintiff after the change in its name; that plaintiff is the same corporation described in said bond and contract as the "Stimpson Computing Scale Company," as alleged in plaintiff's petition.

In Peever Mercantile Co. v. State Mut. Fire Ins. Ass'n, 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236, the facts were: Plaintiff was incorporated under the name of "Peever-Gorman Mecantile Company," but its name was, in January, 1907, changed according to law to "Peever Mercantile Company." On April 11, 1907, defendant issued a renewal policy of insurance to plaintiff, insuring its stock of goods in the name of "Peever-Gorman Mercantile Company," which policy was addressed and mailed to "Peever-Gorman Mercantile Company," received by plaintiff and retained by it, after which plaintiff paid a part of the premium thereon and executed a note for the balance. The property was destroyed by fire. In a suit on the policy defendant defended upon the ground that said renewal policy was issued to plaintiff without any knowledge that it had ceased to exist, and without any notice that plaintiff had changed its name; that therefore it was not liable to plaintiff for the loss. The court said:

"It is quite clear from the findings of the court that the present plaintiff and the Peever-Gorham Mercantile Company are one and the same corporation, and that the amendment of its articles of incorporation did not in any way change its identity as a corporation. * * * It is clear, therefore, that, the renewal policy having been mailed and received and retained by the plaintiff, the plaintiff, having sustained a loss during the existence of the renewal policy, was entitled to recover for such loss in this action, and that the mere fact that its articles of incorporation had been amended by a change in the name of the corporation did not affect its rights to recover under the renewal policy. * * * 'With reference to the effect of changing the corporate name it may be stated that it has no effect whatever, in theory of law, upon the identity of the corporation, although it may have the effect of inducing additional averments in pleading in particular cases.' 10 Cyc. 156; Trinity Church v. Hall, 22 Conn. 125; 7 Am. & Eng. Enc. of Law (2d Ed.) 686. 687: Welfley v. Shenandoah Iron, etc., Co., 83 Va. 768, 3 S. E. 376. It is quite clear from the evidence and findings in the case at bar that the identity of the plaintiff corporation was not changed by the amendment in the name. It occupied the same premises and continued the same business and had practically the same officers. In our opinion the court was right in holding that the renewal policy was in effect mailed to the plaintiff, although issued and addressed in the name of the old corporation, and that its retention by the plaintiff was in legal effect an acceptance of the policy, and thereby created a binding contract between the defendant and the plaintiff. The change in the name 'does not amount to the creation of a new corporation. since under the new name all its original rights. privileges. liabilities. remained intact.' 7 Am. & Eng. Enc. of Law (2d Ed.) supra."

In Roberts v. Mosier, 35 Okla. 691, 132 Pac. 678. Ann. Cas. 1914D, 423, in the syllabus it is said:

"A contract or obligation may be entered into by a person by any name he may choose to assume. The law only looks to the identity of the individual, and when that is clearly established the act, when free from fraud, will be binding."

And in Clement v. City of Lathrop (C. C.) 18 Fed. 885, the court said:

"If it appears from the allegations and proof that the obligation sued upon was intended to be the obligation of the corporation sued, a recovery will not be defeated by reason of a misnomer alone. Such misnomer of the corporation will not prevent a recovery, 'either by or against the corporation in its true name, provided its identity with that intended by the parties to the instrument be averred in the pleadings and apparent in the proof.' Ang. & A. Corp. par. 234; Daniel. Neg. Inst. par. 399; Dill. Mun. Corp. (3d Ed.) par. 179; Minot v. Boston Asylum. 7 Metc. [Mass.] 416. It is enough if the identity of the corporation is unmistakable, either from the face of the instrument or from the averments and proof."

But defendants contend they are not liable, for the reason they never agreed to

answer to plaintiff for any sum whatever, the bond being executed to the Stimpson Computing Scale Company, and that they cannot be held beyond the express terms of their contract. The bond is not ambiguous, and it should be construed according to the intent of the parties thereto. While it is executed to the Stimpson Computing Scale Company, the evidence shows that said company and plaintiff here are one and the same company; that plaintiff changed its name prior to the execution of the bond, but that the bond was delivered to the agent of plaintiff and accepted by it; and under the authorities above cited, we do not think defendants' contention tenable.

But the court was right in sustaining defendants' motion to strike the reply of plaintiff to the verified general denial of defendant; this for the reason that the answer did not contain "new matter" entitling plaintiff to a reply thereto under Rev. Laws 1910, § 4753, which provides:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer. * * *"

The amended petition was based both upon the bond and an itemized account attached as an exhibit to the petition. Plaintiff, by its reply to the verified general denial of defendants, alleged that on or about March 5, 1914, plaintiff and defendant Carr checked over said accounts and agreed upon the amount due plaintiff, which, it alleged, constituted an account stated between them; that defendants Taylor and Hunter accepted a letter from plaintiff, showing the amount due it from said Carr, and that they promised, in writing, to make every effort to secure payment of said account by Carr, and for that reason plaintiff alleged defendants are estopped to deny liability on the bond. It will therefore be seen that no "new matter" was alleged in the answer to which a reply could be filed, and that said matters alleged also constituted a departure from the original petition, in that plaintiff attempted to set up an account stated and a plea of estoppel against defendants' denying liability on the bond.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur, except HARDY and BRETT, JJ., not participating.