# Pilsen Brewing Company, Appellant, v. William Wallace, Appellee.

## Gen. No. 24,492.

1. CORPORATIONS, § 305*—*when president not individually liable under corporate contract made under wrong name.* The president of a corporation was not individually liable under a contract which the secretary executed, with the knowledge of the president, on behalf of such corporation in its new name in the mistaken belief that the name had been legally changed.

2. CORPORATIONS, § 305*—*when statute does not make president individually liable under corporate contract made under wrong name.* Section 18 of the Corporation Act (Hurd's Rev. St. 1917, p. 702, J. & A. ¶ 2435), providing that any person or persons being, or pretending to be, an officer or agent, or board of directors, of a corporation, who, etc., shall assume to exercise corporate powers without compliance with the provisions of the act before the stock shall be all subscribed in good faith, shall be jointly and severally liable for debts and liabilities contracted by them in the name of such corporation, etc., had no application so as to make a president individually liable where the secretary, with the president's knowledge, executed a contract on behalf of a corporation in its new name under the mistaken belief that such new name had been legally acquired.

3. CORPORATIONS, § 305*—*when president not individually liable under corporate contract made under wrong name.* Where a contract was executed by the secretary of a corporation, with the knowledge of the president, under the name of "Chicago Grains and Feed Company," which name they mistakenly believed had been legally adopted as the new name, it was obviously the intention that such contract should be with the corporation of which such president and secretary were in fact the officers, that is, the corporation under its legal name of Farmers Grain and Feed Company, and such contract was, therefore, in the eyes of the law, made by the corporate entity known as the "Farmers Grain and Feed Company," and the president was not individually liable under such contract.

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed July 2, 1919.

VINCENT D. WYMAN, HARRY C. KINNE and CHARLES E. CARPENTER, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This appeal is from a judgment against the plaintiff for costs. The plaintiff brought an ʹtion of assumpsit against William Wallace, the defendant, and one R. D. Beaird. In addition to the common counts in assumpsit the plaintiff filed an additional count setting up the following:

That on October 1, 1912, the defendants were officers of a pretended stock corporation, Wallace being president and Beaird being secretary; that each was a director of the pretended stock corporation known as the Chicago Grains and Feed Company; that the defendants for a period of 2 years thereafter held out to the plaintiff and others that the pretended stock corporation was a duly organized corporation under the laws of the State of Illinois; that on October 1, 1912, the plaintiff entered into a written contract with the defendants in the name of said pretended corporation in and by which said contract the plaintiff agreed to sell the said pretended corporation, and the latter agreed to purchase, certain brewers' wet grains produced by the plaintiff at a certain price; that each of the defendants as such directors and officers of said pretended corporation participated in and knowingly authorized the execution of said contract on behalf of said pretended corporation and did then and there, contrary to the form of the statute, assume to exercise corporate powers and use such corporate name, to wit, Chicago Grains and Feed Company, of said pretended corporation without complying with the provisions of the statute in such case provided; that no charter to conduct said pretended corporation known as the Chicago Grains and Feed Company has ever been issued by the Secretary of State and no charter or certified copy thereof has ever been filed for record

in the office of the recorder of deeds in Cook county; that pursuant to said contract the plaintiff delivered to said pretended corporation certain merchandise in the value of $5,000; that by means of these premises and under the statute the defendants became liable to pay said amount to the plaintiff.

The defendant, Wallace, was served and appeared. He pleaded the general issue. A jury was waived and the cause was tried before the court. All the evidence is contained in a stipulation of facts which is substantially as follows:

"The Farmers Grain and Feed Company was a corporation organized under the laws of the State of Illinois, with a capital stock of One Hundred Fifty Thousand Dollars ($150,000). The corporation minute book shows that on or about June 18, 1912, a resolution was adopted at a meeting on that date of the stockholders of the Farmers Grain and Feed Company to change the name of the corporation to Chicago Grains and Feed Company, but no certificate of change of name was ever prepared or filed in the office of the Secretary of State of Illinois, or in the Recorder's office of Cook County, Illinois. * * * After June 18, 1912, the corporation, through its officers, did business under the new name of the Chicago Grains and Feed Company. * * *

"The Pilsen Brewing Company made a written contract with the so-called Chicago Grains and Feed Company on or about the 1st day of October, 1912, in which the so-called Chicago Grains and Feed Company agreed to purchase from the Pilsen Brewing Company all of the brewer's wet grain produced by it * * * from the 1st day of October, 1912, to the 30th day of September, 1915. * * * The so-called Chicago Grains and Feed Company was indebted to the Pilsen Brewing Company at the date of the beginning of this suit in the sum of Four Thousand Four Hundred Seventy-six and 80/100 Dollars ($4,476.80) for grains delivered under the above mentioned contract.

"William Wallace, the defendant, became on May 26, 1911, and thence remained a stockholder in the Chicago Grains and Feed Company, and was president and director and one of the active managing officers of the same until June 10, 1913, at which date he resigned as president and director of the company; during all of said period he was the owner of 1336 shares of capital stock of the Chicago Grains and Feed Company of the par value of One Hundred Dollars ($100.00) each. It is admitted that the contract referred to in this stipulation was signed by Robert D. Poaird as secretary of the Chicago Grains and Feed Company, with the knowledge and consent of William Wallace, the defendant herein. The Pilsen Brewing Company continued to deal with the Chicago Grains and Feed Company but had no knowledge or information as to what steps had been taken leading to the use of the new name of the Chicago Grains and Feed Company.     *     *     *

"It is further stipulated that an involuntary petition in bankruptcy was filed against the Chicago Grains and Feed Company on the 5th day of September, 1913, and an adjudication in bankruptcy was entered thereon, and that the plaintiff in this suit filed its claim against said Company in said bankruptcy proceeding, and received thereon a dividend of five per cent, which amount has been credited on the original claim in fixing the amount due at the date of the beginning of this suit."

On February 11, 1918, the cause having been submitted to the trial judge, without a jury, he entered judgment that the plaintiff take nothing by its suit, and that the defendant recover his costs.

It is the theory of the plaintiff that although the corporation known as the Farmers Grain and Feed Company was duly incorporated under the laws of the State of Illinois, yet, inasmuch as the effort on the part of that corporation to change its name to the Chicago Grains and Feed Company was not legally consummated by filing the certificate with the Secretary of

State and the recorder of Cook county, and as the written contract in question of October 1, 1912, for the purchase and sale of certain grains, was made in the name of the Chicago Grains and Feed Company, the defendant, Wallace, who was president and a stockholder of the Farmers Grain and Feed Company, was personally liable. The liability it is contended arises as a result of section 18 of the Corporation Act (Hurd's Rev. St. 1917, p. 702, J. & A. ¶ 2435). The language of that section is as follows: ''If any person or persons being, or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation.''

The foregoing act went into force July 1, 1872. The act, providing for changing the name of a corporation, provides that after a favorable two-thirds vote it is necessary that a certificate thereof, verified by the affidavit of the president and under seal of the corporation, should be filed in the office of the Secretary of State and a similar certificate filed for record with the recorder of deeds of the county where the principal business office of such company is located. Hurd's Rev. St. 1917, p. 712 (J. & A. ¶ 2495 *et seq.*).

We do not agree with the contention of the plaintiff that liability in this case arises under section 18. Construing the section in question, Mr. Justice Magruder, in *Loverin v. McLaughlin*, 161 Ill. 417, used the following language:

''Statutes should be so construed as to give them a reasonable meaning, and should not be so interpreted

as to lead to absurd consequences." In the instant case, in the eyes of the law, the contract in question was made by the corporate entity known as the Farmers Grain and Feed Company. Although the written contract of October 1, 1912, for the purchase of the "grains" was signed "Chicago Grains and Feed Company," by Robert D. Beaird, with the knowledge of the defendant, William Wallace, obviously it was the intention that the contract between the parties should be between the plaintiff and the corporation of which the defendant was president and Beaird was secretary, that is, the Farmers Grain and Feed Company. The defendant and Beaird assumed to exercise corporate power because of the legal existence of the Farmers Grain and Feed Company. It may be true that they thought that the name of the Farmers Grain and Feed Company, owing to the action of the stockholders of that company, had been changed to the Chicago Grains and Feed Company. In that, however, they were mistaken. But they were making no false pretenses, no wilful misrepresentation; they were endeavoring to act and in law acting as the authorized officers of a legally existing corporation. There is no doubt that if the plaintiff had brought suit against the Chicago Grains and Feed Company it would have been entitled to recover against the assets of the Farmers Grain and Feed Company. Also, if it had begun suit against the Farmers Grain and Feed Company it would have been entitled to recover. In either case the Farmers Grain and Feed Company would have been estopped to deny liability. *Clement v. City of Lathrop,* 18 Fed. 885. In the latter case the court said: "It has long been settled that it is not necessary in order that a corporation be bound by its contracts that they should be made in its exact corporate name." *Melledge v. Boston Iron Co.,* 59 Mass. 158; *Gifford v. Rockett,* 121 Mass. 431. It follows, therefore, that if in reality and in the eyes of the law the contract was made between the Farmers

Grain and Feed Company and the plaintiff, there is no liability on the defendant. *Robinson v. First Nat. Bank,* 98 Tex. 184, 82 S. W. 505.

Further, there is no evidence that the plaintiff at the time it sold the merchandise to the Chicago Grains and Feed Company was misled into thinking that that was not the Farmers Grain and Feed Company, or that there was a Chicago Grains and Feed Company which was highly solvent and that the plaintiff relied upon its knowledge of the corporation with that particular name, which was a different entity from the Farmers Grain and Feed Company. There is no evidence of affirmative misrepresentation by the defendant nor by either of the named corporations that would create a liability on them by way of estoppel.

Owing to a misconception of what was necessary to change the name of a corporation, it is a plain case of a promise by the Farmers Grain and Feed Company in the name of the Chicago Grains and Feed Company. The minds of the buyer and seller, it may be assumed, met on that subject in that way and to that effect. Of course, the law might provide a penalty for such a misnomer and its use under such circumstances, but we do not see how, reasonably considered, and making a common-sense interpretation of section 18, ch. 32 (J. & A. ¶ 2435), a third person, such as the defendant here, should be held to a personal responsibility. We do not think the statute in any way supports such a contention. The evidence in our judgment shows that the contract was made with the legal entity known as the Farmers Grain and Feed Company in the name of the Chicago Grains and Feed Company. Considering the circumstances as set forth in the stipulation of facts, we are of the opinion that section 18, ch. 32, is inapplicable.

Finding no error in the record the judgment is affirmed.

*Affirmed.*