CORNER GARAGE, INC. *v.* GEORGE W. PULLEN, JR.

February Term, 1923.

Present:   POWERS, TAYLOR, SLACK, and BUTLER, JJ., and FISH, Sup. J.

Opinion filed May 2, 1923.

*Corporation—Effect of Doing Business Under An Assumed Name Without Registration Upon Right to Recover on Previously Acquired Rights and Obligations—Questions for Trial Court.*

1.  Although a corporation, which had done business in its own name, subsequently did business under an assumed name and failed to file the returns and pay the fee required under such circumstances by G. L. 5739, 5740, and 5743, and compliance with such sections is made a prerequisite to the enforcement of any right or obligation by corporations subject thereto under the provisions of G. L. 5751, the failure to conform to such statutory requirements would not preclude a recovery on rights or obligations that arose while the corporation was doing business in its own name.

2. Under the evidence, whether certain transactions by a corporation in the name of an individual, such as advertising, carrying a small checking account in his name, and receiving cars from an automobile manufacturer under a previous contract entered into by the manufacturer with such individual, constituted doing business under an assumed name, so as to require certain returns and the payment of a fee under G. L. 5739, 5740, and 5743, and to preclude recovery by reason of non-compliance therewith under G. L. 5751, *held* a question of fact for the trial court.

ACTION OF TROVER for the conversion of an automobile. Plea, the general issue. Trial by the Caledonia County municipal court, *Harry Blodgett,* Judge. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Searles & Graves* for the defendants.

*Porter, Witters & Longmore* for the plaintiffs.

SLACK, J.   This is an action of tort in the form of trover to recover for the conversion of a Ford sedan. The case was tried by the Caledonia County municipal court. At the close of the plaintiff's evidence, the defendant filed a motion to dismiss the action on the ground that the plaintiff, before and at the time of the issuing of the writ, was doing business under the name of W. A. Wright, and had not filed the returns required by Chapter 240 of the General Laws. The court found and stated the facts relative to the issue raised by this motion, and rendered judgment thereon denying the motion, to which defendant excepted; and the defendant not submitting any evidence in his behalf on the main issue, the court, thereupon, rendered judgment for the plaintiff to which defendant excepted.

Sections 5739 and 5740 of the General Laws provide, in substance, that a corporation doing business in this State on the first day of April, 1918, under any name other than that of the corporation, shall on or before the first day of June following cause to be recorded in the clerk's office in the town wherein the principal place of business of such corporation is located, a re-

turn setting forth the name other than the corporate name under which such business is carried on, the name of the town wherein such business is to be carried on, a brief description of the kind of business transacted under such name, and the corporate name and location of the principal office of such corporation; and shall, on or before the last named date, file with the commissioner of taxes a like return.

G. L. 5743 provides, that such corporation shall pay to the commissioner of taxes for the benefit of the State a registration fee of three dollars. G. L. 5751 provides, that a corporation subject to the provisions of the foregoing sections "shall not institute any proceedings in this State for the enforcement of any right or obligation unless it shall, prior to the issuance of the original return or complaint therein, have filed the returns and paid the registration fee required by this chapter."

The plaintiff did not file the returns required by statute, but insisted that, in the circumstances, this was not necessary to enable it to maintain this action. This was stoutly denied by the defendant.

The findings material to the question raised by defendant's motion are these: The plaintiff, a Vermont corporation, has been engaged in the business of selling and repairing automobiles at St. Johnsbury, Vermont, ever since 1917. W. A. Wright has been its local agent during all that time. Its business has been carried on in a building in which Wright formerly did business in the name of "W. A. Wright, Inc.," and more remotely, in his own name. At the time of the hearing there was, at least, one large sign on the building which read, "Authorized Ford Sales and Service Station," and also a sign which read, "W. A. Wright Garage," but the name of the plaintiff did not appear upon any sign on the outside of the building. The plaintiff had, and used, stationery on which the name of W. A. Wright appeared, but in what capacity, or what else, if anything, was on such stationery, is not found. While Wright was doing business for himself, and in his own name, he entered into a contract with the Ford Motor Company to handle Ford automobiles, and that contract never was changed, but after the plaintiff became the owner of the St. Johnsbury business, it continued to do business with the Ford Motor Company under that contract, in the name of W. A. Wright. Cars purchased under that contract, whether

in car lots or in smaller numbers, were ''consigned to the order of the Ford Motor Company, with bills of lading and drafts, 'Notify W. A. Wright.' '' These drafts were all paid by the plaintiff with its checks given to the Citizens Savings Bank & Trust Company of St. Johnsbury, Vermont; and the plaintiff took possession of, and sold, the cars in its own name. It sold the defendant the sedan in question in September, 1920, and the note which was given in part payment therefor, and is embodied in the findings, shows that the transaction was in the plaintiff's own name. Sometime subsequent to that sale, the plaintiff had a small checking account in the bank aforementioned in the name of W. A. Wright from which he paid some small bills connected with the plaintiff's business; and in the spring and summer of 1921, the plaintiff caused to be inserted in a few issues of a St. Johnsbury paper, advertisements in the name of William Trainor and also in the name of W. A. Wright. During the same year, much of its advertising, in the same paper, was done in its own name. ''The plaintiff during all of the time carried a bank account in its own name with the Citizens Savings Bank & Trust Company of St. Johnsbury and all of the substantial disbursements were made by the plaintiff in its own name; that no sale was ever made in the name of W. A. Wright since plaintiff has been in business, nor was the business of the plaintiff done under or in any other name than the name of the plaintiff; nor was the business of the plaintiff done in the name of W. A. Wright, unless it be held as a matter of law that the advertisements, and the carrying of the small check account in the name of W. A. Wright, and the handling of the purchases from the Ford Motor Company as herein set forth, constitute a doing business in the name of W. A. Wright.''

None of the findings are challenged on any ground.

[1] . The real question is, of course, whether the plaintiff was doing business under its own name, or under an assumed name, at the time of the sale to the defendant; because, if it was then doing business in its own name, the fact that it later did business under an assumed name, which under the statute necessitated filing the required returns, its failure to do so would not preclude a recovery on rights and obligations that arose while it was doing business in its own name. But this distinction was not observed by the motion, and is not recognized by the findings.

[2]    However, the findings last above quoted justified the overruling of defendant's motion, unless it must be held as a matter of law that the doing of the acts specified therein constituted doing business in the name of W. A. Wright.    Such a holding could not be sustained on reason or authority.    The advertising and the carrying of the small checking account in the name of Wright were acts subsequent to the sale to the defendant and, at most, could only tend to show under what name the business was being conducted at the time of that sale.    So, too, the effect to be given to the shipment of cars to the plaintiff under the contract previously made between Wright and the Ford Motor Company was, in the circumstances, for the consideration of the trier, alone.

The action of the court in overruling the motion must be sustained.

This is the only exception relied upon by the defendant.

*Judgment affirmed.*