**OKLAHOMA OPERATING COMPANY v. SHIPLEY et al.**

No. 25331.     April 9, 1935.

Ames, Cochran, Ames & Monnet, for plaintiff in error.

Nowlin, Conner & Conner, for defendants in error.

PER CURIAM. The parties to this cause appear in the same order here as in the

trial court, and will be referred to as plaintiff and defendant.

This is an action begun in the court of common pleas of Oklahoma county by the Oklahoma Operating Company, a corporation, doing business as King's Laundry, against Lawrence Shipley, as principal, and Philip J. Rhoads and W. H. Jamison, as sureties, on a fidelity bond, conditioned that the said Lawrence Shipley would faithfully discharge his duties as an employee of the Oklahoma Operating Company, and would promptly pay over to plaintiff all moneys collected and due said corporation; a copy of said bond was attached to plaintiff's petition as an exhibit.

Plaintiff alleged in its petition that the defendant Lawrence Shipley failed and refused to faithfully discharge his duties, and failed to account to plaintiff for money in the amount of $169.61, for which all of the defendants were liable to plaintiff.

Later, the plaintiff filed an amended petition to conform to the requirement of the court that said petition be made more definite and certain, which amended petition alleged substantially the same facts, except plaintiff reduced the amount of alleged indebtedness to $126.29.

To the petition and amended petition the defendants filed demurrers which were overruled, with exceptions to the defendants.

Thereafter, the defendant Lawrence Shipley filed his answer, which contained: (1) General denial; (2) denial of indebtedness, and if shortage existed, it was made by his predecessor; (3) admission that he delivered laundry for the plaintiff and collected therefor; (4) other allegations, which were immaterial to the issues in this case.

Defendants Philip J. Rhoads and W. H. Jamison filed their separate answer and amended answer, which contained: (1) General denial; (2) denial that plaintiff can legally maintain an action on the bond signed by them before judgment against the principal, and that shortage if any, existed before said bond was signed; (3) that plaintiff took new security on the bond, and thereby discharged these sureties.

The cause was tried to a jury. The following objection to the introduction of evidence on the part of plaintiff was made:

"Come now the defendants and each of them and object to the introduction of any evidence in this case for the reason that the Oklahoma Operating Company is a corporation, doing business as King's Laundry, and that they have not complied with the law of this state with reference to doing business under a fictitious name."

The court overruled this objection.

The defendants, at the conclusion of plaintiff's evidence, demurred, raising the same objection. The demurrer was sustained. Judgment entered for defendants dismissing plaintiff's action, and plaintiff brings the case here.

Counsel for plaintiff in their brief present one proposition:

That the court erred in sustaining defendants' demurrer, and dismissing plaintiff's suit.

The only question before this court for consideration is whether the Oklahoma Operating Company had the legal capacity to maintain the action against these defendants.

In sustaining the demurrer and dismissing plaintiff's case, the trial court held that since the evidence disclosed the Oklahoma Operating Company transacted its business through different plants, designated by names other than the corporate name of the plaintiff, the plaintiff could not, in an action at law, enforce any rights acquired by it under a contract made in its corporate name.

We are aware of the existence of numerous cases holding that actions must be prosecuted in the true corporate name of the corporation. In this case the action was brought in the corporate name of the plaintiff, and the bond sued on was executed by Shipley and his sureties to the plaintiff in its true corporate name.

There is no necessity of going into the question of the right or power of a corporation to acquire a trade name, since the trade name in this case did not appear in the contract sued on, and the suit was brought in the true corporate name of the plaintiff. This is true because the defendant Shipley admitted in his answer that he was employed by plaintiff; that he delivered laundry on behalf of plaintiff, and collected what money he could for plaintiff, and as their agent turned said money to them. The defendant does not urge that he was deceived by plaintiff doing business as King's Laundry. None of the defendants assert they were misled in any respect by this fact.

It is apparent from the evidence and pleadings that this case does not involve any attempt by a corporation to change its

corporate name. It follows that the cases cited by defendants which deny the right of a corporation to sue and be sued in other than its corporate name, are of no benefit in deciding this case. The same is true of the cases cited which hold that a corporation may not change its corporate name by any other method than that prescribed by statute. It is clear from the record that no such attempt has been made by plaintiff in this case.

In Roberts v. Mosier, 35 Okla. 691, 132 P. 678, Ann. Cas. 1914D, 423, in the syllabus, it is said:

"A contract or obligation may be entered into by a person by any name he may choose to assume. The law only looks to the identity of the individual, and when that is clearly established, the act, when free from fraud, will be binding."

And in Clement v. City of Lathrop (C. C.) 18 F. 885, the court said:

"If it appears from the allegations and proof that the obligation sued upon was intended to be the obligation of the corporation sued, a recovery will not be defeated by reason of a misnomer alone. Such a misnomer of the corporation will not prevent a recovery, 'either by or against the corporation in its true name, provided its identity with that intended by the parties to the instrument be averred in the pleadings and apparent in the proof.' Ang. & A. Corp. sec. 234; Daniel. Neg. Inst. sec. 399; Dill, Mun. Corp. (3d Ed.) sec. 179; Minot v. Boston Asylum, 7 Metc. (Mass.) 416. It is enough if the identity of the corporation is unmistakable, either from the face of the instrument or from the averments and proofs."

This opinion was adopted by this court in the case of Detroit Automatic Scale Co. v. Taylor et al., 67 Okla. 121, 169 P. 908.

See, also, that portion of section 9718, Okla. Stats. 1931, which provides:

"But the misnomer of a corporation in any written instrument does not invalidate the instrument if it can be reasonably ascertained from it what corporation is intended."

It follows that if all the contentions made by defendants herein were true, in the face of the above authorities, plaintiff still would have the right to maintain this action.

Under the facts in this case, and the authorities above cited, we do not think defendants' contentions tenable.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded, with directions to reinstate plaintiff's case, and grant a new trial.

The Supreme Court acknowledges the aid of Attorneys L. A. Justus, Jr., Joseph D. Mitchell, and Wm. S. Hamilton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Justus and approved by Mr. Mitchell and Mr. Hamilton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.