## Meredith, Atty. Gen., v. Universal Plumbing & Construction Co.

(Decided Feb. 22, 1938.)

LAWRENCE S. GRAUMAN, County Attorney; ROBERT L. SLOSS, Assistant County Attorney, and A. E. FUNK, Assistant Attorney General, for appellant.

STUART E. LAMPE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Universal Plumbing & Construction Company, is a corporation organized under the laws of

the commonwealth of Kentucky, and has been doing business under its corporate name in Jefferson county. Its charter authorizes it to engage in the business of selling plumbing supplies and fixtures and to do carpenter work and house painting. In November, 1937, it began to transact business under the name of "Installment Repair Company," as well as under its corporate name, Universal Plumbing & Construction Company. In order to comply with section 199b-1, chapter 12b, of the Kentucky Statutes, it executed and tendered to the Jefferson county clerk for filing a certificate which set forth that the name under which some of its business was to be transacted was "Installment Repair Company," and that the true and full name of the person owning, conducting, and transacting such business was the Universal Plumbing & Construction Company, a corporation with its post office address at Louisville, Ky. The county clerk refused to record the certificate on the ground that a corporation has no right to transact business under an assumed name, even though it should comply with the provisions of section 199b-1 of the Kentucky Statutes. His refusal was based upon an opinion to that effect rendered by the Attorney General of Kentucky, who also informed the Universal Plumbing & Construction Company that if it continued to transact business under the assumed name, it would be his duty to institute quo warranto proceedings to revoke its charter. Thereupon the Universal Plumbing & Construction Company brought this action, pursuant to section 639a—1 of the Civil Code of Practice, against the Honorable Hubert Meredith, Attorney General of the commonwealth of Kentucky, for a declaration of the rights of the parties. The petition set out fully the contentions of the parties. The Attorney General filed an answer in which he joined in the prayer for a binding declaration of rights. The case was submitted upon the pleadings, and the court adjudged, in substance, that any corporation, domestic or foreign, may do business in any county in the state of Kentucky under an assumed name after having first filed with the clerk of the county court of such county wherein it desires to do business under an assumed name the certificate required by section 199b-1, Kentucky Statutes. The Attorney General has appealed.

The question presented for decision is a narrow one, and there is little direct authority upon it. It is

appellant's contention that chapter 12b of the Kentucky Statutes expressly prohibits a corporation from transacting business under an assumed name. The contention is based upon what we think is a misconstruction of section 199b-4, which reads:

"This act shall in no way affect or apply to any corporation duly organized under the laws of this state, or any corporation organized under the laws of any other state and lawfully doing business in this state, nor shall this act be deemed or construed to prevent the lawful use of a partnership name or designation, provided that such partnership name or designation shall include the true real name of at least one of such persons transacting business."

This section does not forbid a corporation to transact business under an assumed name, but merely exempts it from the provisions of the act regulating the doing of business under an assumed name as it does a partnership where the partnership name or designation under which business is done includes the real true name of at least one of the partners. Kozy Theatre Company v. Love, 191 Ky. 595, 231 S. W. 249. In National Oil Works v. Korn Brothers, 164 La. 800, 114 So. 659, 661, the Supreme Court of Louisiana considered a similar question. Sections 6503 to 6507, inclusive, of Dart's Louisiana General Statutes are similar in all respects to chaper 12b of the Kentucky Statutes. Section 6503 of the Louisiana Statutes is the same as our section 199b-1 and section 6506 of the Louisiana Statutes, which was section 4 of Act No. 64 of 1918, is identically the same as our section 199b-4. In the Korn Case, the court said:

"Act 64 of 1918 makes it a misdemeanor for any person or persons to transact business in this state, under an assumed name, without first complying with certain requirements, but as appears from section 4 thereof, the act has no application to corporations duly organized under the laws of this state, or to any corporation organized under the laws of any other state, and lawfully doing business in this state."

If there is a prohibition against the use of an assumed name by a corporation, it must be found elsewhere. Section 539 of the Kentucky Statutes provides

that the articles of incorporation shall specify "the name of the corporation, which shall be such as to distinguish it from any other corporation engaged in the same business, or promoting or carrying on the same objects or purposes in this state."

By section 542, when the articles are recorded and the license tax paid, "the corporation shall be deemed to be organized for the purpose of transacting, promoting or carrying on the business or purpose for which it was created; and shall thereupon become a body corporate, and be known by its corporate name, and as such may adopt and use a coroporate seal."

Section 576 of the Statutes reads:

"Every corporation organized under the laws of this state, and every corporation doing business in this state, shall, in a conspicuous place, on its principal place or places of business, in letters sufficiently large to be easily read, have painted or printed the corporate names of such corporation, and immediately under the same, in like manner, shall be printed or painted the word 'incorporated.' And immediately under the name of such corporation, upon all printed or advertising matter used by such corporation, except railroad companies, telegraph companies, banks, trust companies, insurance companies and building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this section shall be subject to a fine of not less than one hundred dollars and not more than five hundred dollars ($500.00)."

These sections of the Statutes emphasize the necessity of a corporate name fixed by the articles of incorporation, and the name established cannot be abandoned and another name substituted for it except by an amendment of the articles of incorporation in the manner prescribed by section 559 of the Kentucky Statutes, but it does not follow that a corporation may not acquire, by usage or otherwise, the right to use another name in connection with its corporate name. The appellant insists that the question is no longer an open one in this state, since it was expressly decided in Cincinnati Cooperage Company v. Bate, 96 Ky. 356, 26 S.

W. 538, 16 Ky. Law Rep. 626, 49 Am. St. Rep. 300, that the change of its name by a corporation without recourse to such formal proceedings as are prescribed by law is an abandonment not only of the corporate name, but the corporation itself. The name of the corporation in that case, under which the defendants who were sued as partners sought to gain shelter, was "The New Albany Brewing Company." E. B. Bate, A. J. Gebhart, and another acquired the entire stock of the corporation, changed the name to "Gebhart & Bate Brewing Company" without taking the steps required by the law of Indiana, the domicile of the corporation, and thereafter conducted the business under the new name at the same place, using the same property, appliances, and machinery. A creditor brought suit against Bate, Gebhart, and the other owner as partners. The contention of the creditor was stated thus in the opinion:

> "The contention of the appellant is that Bate and the other owners of the old concern, having abandoned the corporate name, and adopted a new name, which gave special prominence to the names of the individuals composing the concern, are individually liable as partners in a new venture, for the reason that no legal steps were taken to change the corporate name, as might have been done under the easy mode provided by the Indiana statute."

This contention was sustained. It will be noted that the old name was abandoned and that the method of doing business under the new name was calculated to lead the public to believe that the corporation no longer existed, and that the owners of the business were conducting it as partners.

In the present case, the appellee has not abandoned its corporate name, but has complied in every respect with section 576 of the Statutes, and has continued to maintain on its principal place of business, in letters sufficiently large to be easily read, its corporate name, and immediately under the same in like manner the word "Incorporated." It has also continued to use its corporate name, together with the word "Incorporated," on all printed or advertising matter used by it.

It is generally recognized that a corporation may acquire a trade-name other than its corporate name, and will be protected in its use to the same extent as an in-

dividual would be. Oklahoma Operating Company v. Shipley, 171 Okl. 484, 43 P. (2d) 445; McQuoid v. West Virginia Newspaper Publishing Company, 105 W. Va. 20, 141 S. E. 398; Executive Committee of Baptist Convention v. Smith, 175 Ga. 543, 165 S. E. 573; Golden's Foundry & Machine Company v. Wight, 35 Ga. App. 85, 132 S. E. 138; National Oil Works v. Korn Bros., 164 La. 800, 114 So. 659; Gilligan Company v. Casey, 205 Mass. 26, 91 N. E. 124; The Governor and Company of Adventurers of England Trading into Hudson's Bay v. Hudson Bay Fur Company, D. C., 33 F. (2d) 801. In Fletcher on Corporations, Permanent Edition, Vol. 6, sec. 2442, it is said:

> "Like an individual, a corporation may assume a name other than its legal name and carry on business in such assumed name, but in order to apply this doctrine, incorporation by some name must be established. If a note or deed is executed by a corporation under an assumed name, it is just as much bound as if it had used its proper name, and the same is true of any other contract. A contract entered into by or with a corporation under an assmued name may be enforced by either of the parties, if the identity of the corporation is established by the proof."

In some states a corporation doing business under an assumed name is expressly required by statute to record such name. Corner Garage v. Pullen, 96 Vt. 458, 120 A. 863; Leckie v. Seal, 161 Va. 215, 170 S. E. 844. In other states, a corporation is prohibited by statute from doing business under an assumed name. Great Atlantic & Pacific Tea Company v. A. & P. Radio Stores, Inc., D. C., 20 F. Supp. 703.

The rule deducible from the foregoing authorities seems to be that, in the absence of a statute expressly prohibiting a corporation from doing business under an assumed name or requiring it to record such name, it may use an assumed name or trade-name in connection with its corporate name. We know of no law of this state prohibiting a corporation from transacting business under an assumed or trade-name, and, as heretofore stated, chapter 12b of the Kentucky Statutes, which makes it a misdemeanor for any person or persons to transact business in this state under an assumed name without first complying with certain requirements,

has no application to corporations. In U-Drive-It Company v. Wright & Taylor, 270 Ky. 610, 110 S. W. (2d) 449, it was impliedly held that a corporation can transact business under an assumed name. In Artiste Permanent Wave Company v. Hulsman, 271 Ky. 695, 113 S. W. (2d) 55, decided January 28, 1938, the precise question was presented, and it was held that a corporation could use an assumed or trade-name. There, as here, the corporation continued to comply with the requirements of section 576 of the Statutes, but used in connection with its corporate name a fanciful or trade-name.

We see no objection to a corporation filing a certificate of ownership prescribed by section 199b-1 of the Statutes if it desires to do so, but it cannot be compelled to file it. The circuit judge seemed to be of the opinion that it was the duty of appellee to comply with that statute, and incorporated that idea in the judgment declaring the rights of the parties. In that respect the judgment should be modified to conform to this opinion, and, as so modified, it is affirmed.