## DAVIS v. TEX–O–KAN FLOUR MILLS CO.
### No. 13152.

United States Court of Appeals
Fifth Circuit.

Dec. 29, 1950.

Stanley P. Wilson, Carl P. Springer, Abilene, Tex., for appellant.

Carlisle Blalock, Paul Carrington, Dallas, Tex., R. M. Wagstaff, Abilene, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by plaintiff, appellee, doing business in the State of Texas under a permit issued to it under the name of Burrus Feed Mills, the suit was against L. W. Miller on a verified account for $4543.07, and against L. G. Davis, as guarantor by written instrument.[1]

Defendant Miller defaulting, there was a directed verdict and judgment against him.

Defendant Davis, appellant here, not denying the execution of the written instrument sued on, defended on the ground that the guarantee was a limited one, both as to the amount and the time of the credit to be extended, that plaintiff had disregarded both of these limitations and that it had thus released him.

The case was fully tried to a jury and the testimony concluded, both plaintiff and defendant moved for an instructed verdict. The ground of plaintiff's motion was that the contract was in writing and that no modification of it had been claimed or proved.

Defendant's grounds were: (1) that whereas the plaintiff was the Tex-O-Kan Flour Mills Co., the guarantee was not to that company but to Burrus Feed Mills; (2) that it was not shown that Tex-O-Kan Mills was authorized to do business in Texas; and (3) that the uncontradicted evidence showed that the guarantee was restricted and limited and that the restrictions and limitations were entirely disregarded.

These motions overruled, the case was submitted to the jury on a general charge to which defendant took no exception.

There was a verdict and judgment for plaintiff for the amount sued for, and Davis has appealed, assigning two grounds of error.

One of these is that because plaintiff's permit to do business in Texas did not state that plaintiff was doing business under the assumed name Burrus Feed Mills, plaintiff was not entitled to maintain or to recover in the suit.

The second was that as matter of law defendant Davis was entitled to an instructed verdict.

We cannot agree. Plaintiff alleged and proved that it was a corporation created and existing under the laws of the State of Delaware and doing business in the State of Texas at Dallas, in the Northern District of Texas, under the assumed name of Burrus Feed Mills, under permit duly and legally issued to it by the State of Texas. It alleged and proved, too, that the sales made to defendant were made for and on behalf of plaintiff and the indebtedness of Miller and the guarantee thereof was to and for the benefit of plaintiff, and no contrary evidence was offered. The plaintiff insisting that it was entitled to a verdict and judgment as matter of law and defendant that there were issues of fact for the jury, the substantial questions which appellant seeks to reargue here were submitted to, and found against him by, the jury upon a charge to which he took no exception and upon evidence which was ample.

█ In addition, we think that the points defendant seeks to make are settled against him as matter of law. Upon the first point, the right of plaintiff to maintain the suit on the indebtedness incurred in its favor

---

1. "Abilene, Texas, May 23, 1942.
"Mr. Wiley Atkins,
Dallas, Texas.
Dear Sir:
    In regard to my guaranteeing Mr. L. W. Miller's account, I told Mr. Mc the way I was willing to do it and he seemed to think it would be O.K. that way and said for me to write you.

Mr. Atkins if you will send him this feed, giving him thirty, forty-five or sixty days time on it, whichever you are willing to do, I will see that you are paid for the amount sold and that the balance will be in the store.
    With kindest personal regards, I am
                Very truly yours,
                /s/ L. G. Davis."

under its assumed name, see Clarkson & Co. v. Gans S. S. Line, Tex.Civ.App., 187 S.W. 1006; Cf. Brotherhood State Bank v. Chapman, 145 Wash. 214, 259 P. 391, 56 A.L.R. 450; National Oil Works v. Korn Bros., 164 La. 800, 114 So. 659; Meredith v. Universal Plb. Co., 272 Ky. 283, 114 S.W.2d 94; Hildebrand, Tex. Corp., Vol. 1, pp. 139–40; Bristol v. Chas. F. Noble Oil & Gas Co., Tex.Com.App., 283 S.W. 163.

Upon the other point, the insufficiency of the evidence to support the verdict, the guarantee was in writing, of clear and simple import and no evidence was offered which would tend to vary it or affect its binding force. Hill Merc. Co. v. Rotan Gros. Co., Tex.Civ.App., 127 S.W. 1080; Austin v. Guaranty State Bank, Tex. Civ.App., 300 S.W. 129; Pittinger v. Southwestern Paper Co., Tex.Civ.App., 151 S.W. 2d 922; Lemp v. Armengol, 86 Tex. 690, 26 S.W. 941; First National Bank v. Miller, Tex.Civ.App., 277 S.W. 443.

We find no error in the judgment. It is affirmed.