CASE 58—ACTION BY P. JORDAN AGAINST I. C. R. R. CO. FOR PERSONAL INJURIES.—FEB. 2.

# Illinois Central R. R. Co. v. Jordan.

APPEAL FROM HICKMAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

RAILROADS—INJURIES TO EMPLOYES—STATUTORY DUTIES—NEGLIGENCE —QUESTION FOR JURY—INJURY IN ANOTHER STATE—LAW APPLICABLE

Held: 1. Where an accident to a railroad employe happened in Tennessee, the law of that State must govern a recovery in an action for the injury brought in Kentucky.

2. Thompson & S. Code, Tennessee, sections, 1298, 1299, provides that railroads shall keep an engineer or fireman on the lookout ahead, and that, when any persons or obstructions appear on the track, the alarm whistle shall be sounded and the brakes put down, and that for failure to observe the prescribed precautions the railroad shall be liable for the injury done. In construing the sections the supreme court of Tennessee held that they imposed an absolute liability for failure to observe the prescribed precautions, and that contributory negligence operated only to mitigate damages. HELD, in an action in Kentucky for injuries occurring in Tennessee to an employe who negligently attempted to remove a hand car from the track on the approach of a train, the evidence as to the failure of the fireman on the train to observe the prescribed precautions being sufficient to support a verdict, the employe could recover.

3. Where the evidence is conflicting as to whether a railroad fireman, on discovering plaintiff on the track, failed to sound the alarm whistle and put down the brakes, the question is for the jury.

J. M. DICKINSON, PIRTLE & TRABUE, AND N. P. MOSS, FOR APPELLANT.

SHELBOURNE & KANE, AND R. L. EVANS, FOR APPELLEE.
(No briefs in the record.)

Illinois Cent. R. R. Co. v. Jordan.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

Appellee was a section foreman for appellant at Idlewild, Tenn. A fast train of appellant was due there at 5:51 a. m., but was four or five minutes late. It was the duty of the appellee to go to his work at 6 a. m. Under the rule of the company, well known to him, it was made his duty to have the track cleared of the hand car twenty minutes before the time any freight or passenger train was due to arrive. In violation of this rule, the appellee had the hand car upon the track, his crew with himself boarded it, and started south to their work. After going about three-quarters of a mile, at the entrance of a cut about 1,500 feet long, the car was stopped, and one of the crew went back a short distance to listen for the past-due train. He reported that he did not hear it. The appellee and the crew proceeded with the hand car until they were nearly to the south end of the cut, when they discovered the approach of the belated train. The hand car was stopped, and the crew made an effort to remove it from the track, but failed to remove one corner of it, and the crew other than appellee fled to a safe place. Appellee either remained or returned— as to which the evidence is conflicting—and was making an effort to remove the car, when he was struck by the train, or the hand car was struck by it, and thrown against him, seriously injuring him. He acted in violation of the rule of the company; was guilty of the grossest kind of negligence in imperiling the lives of his crew and the persons on the approaching train by operating the hand car under the circumstances. While it was a commendable act to remain and endeavor to remove the hand car from the track, and thus possibly save the lives of the persons on the train which he had

by his reckless conduct imperiled, still it was suicidal in character. The uncontradicted evidence shows that after those in charge of the train discovered the hand car on the track it was not possible to stop the train before it struck it. The disposition of the questions can not be made under the rules of law which prevail in this jurisdiction, but must be done under the law of Tennessee, where the accident happened.

In Louisville & Nashville R. R. Co. v. Whitlow's Adm'r, 19 R., 1931, 43 S. W., 711, 41 L. R. A., 614, this court said: "The question presented to the court is whether the Kentucky or Tennessee law as to contributory negligence applies. Under the Tennessee law, if the intestate was himself guilty of negligence that contributed to his injury and death, yet, if the defendant was guilty of negligence which was the direct and proximate cause of intestate's injuries and death, then the plaintiff is entitled to recover, but the damages recoverable to be reduced or mitigated by reason of the intestate's contributory negligence. Under our law, if the intestate was guilty of such contributory negligence except for which his injuries and death would not have occurred, then there can be no recovery. Contributory negligence, under our rule, is never applied in mitigation of damages. . . . At the time the injury was inflicted, the right of action became fixed, and a legal liability was incurred. The liability which the plaintiff seeks to enforce was incurred by virtue of the law of Tennessee. The law of contributory negligence, as adjudged in this State, can not be applied so as to alter or affect the right of action which arose in the State of Tennessee." The recovery is sought under the Tennessee law. If the case were to be disposed of under the law of this State, the court would reach a conclusion different from the one forced upon it by the Tennessee law.

So much of the statute law of Tennessee (Thompson & S. Code) as is pertinent to the inquiry reads as follows:

"Section 1298. In order to prevent accidents upon railroads, the following precautions shall be observed: . . . (4) Every railroad company shall keep the engineer, fireman or some other person upon the locomotive, always on the lookout ahead; and when any person, animal or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident.

"Section 1299. Every railroad company that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property occasioned by, or resulting from, any accident or collision that may occur.

"Section 1300. No railroad company that observes, or causes to be observed, these precautions, shall be responsible for any damages done to persons or property on its road. The proof that it has observed said precautions shall be upon the company."

In Chesapeake, O. & S. W. R. Co., etc. v. Foster, 13 S. W., 694, the Supreme Court of Tennessee was called upon to construe the statute, and in doing so said: "The other assignment is made on the final recital in the bill of exceptions: 'The jury, having considered the case, returned, and asked the court whether, if they found that the defendant had not strictly complied with all the statutory rules and precautions as given in the charge, yet that the defendant's (plaintiff's) own want of care and gross neglect was the direct cause of his injury and death, they could not find for the defendant; to which the court replied they could not, but should consider such contributory neglect on the part of the deceased in mitigation of damages. If they found

the railroad company wanting in full performance of the statutory duties, plaintiff would be entitled to some damages in any event.' It is insisted that this action of the court was erroneous, and that he should have answered the question of the jury in the affirmative. Taking the case as stated in the question, the contention is that, inasmuch as the gross neglect of the deceased was the direct cause of his injury and death, his negligence should operate not merely in mitigation of damages, but as a bar to the ac-tion. notwithstanding the failure of the railroad em-ployes to observe the precautions prescribed in section 1166 (now 1298) of the Code. Learned counsel make an able and forcible argument in support of this view, yet we think it contrary to the obvious meaning of the statute. The response of the trial judge is in conformity to the construction announced by this court in numerous decisions, some of which we cite: Railroad Co. v. Smith, 6 Heisk., 174; Hill v. Railroad Co., 9 Heisk., 823; Railroad Co. v. Walker, 11 Heisk., 383; Railroad Co. v. Nowlin, 1 Lea, 523; Railroad Co. v. Smith, 9 Lea, 470. Section 1166 of the Code (Thompson & S.) prescribes certain precautions to be observed by rail-roads for the prevention of accidents. The next two sections declare in the plainest terms the legal consequences of ob-servance and nonobservance. By section 1167 it is declared in every case of nonobservance the railroad shall be liable for the damages done, and by section 1168 it is declared in every case of observance it shall not be liable at all. By the positive language of the statute liability flows from non-observance, and nonliability follows observance. Neither liability nor nonliability is made to depend on the cautious or incautious conduct of the person injured. Both are to be determined by the conduct of the railroad employes. The injured person may be ever so negligent in the one case, and

yet recover something; while in the other case he may be entirely without negligence, and yet recover nothing.    At common law contributory negligence may bar the action, but under the statute it is to be considered only in mitigation of damages." The Tennessee statute requires every railroad company to keep some one upon the locomotive, always upon the lookout ahead. If any person, animal, or other obstacle appears upon the road, the alarm whistle must be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident.    By the interpretation of the statute given by the Tennessee Supreme Court, a failure to do any of the things required by it upon the part of a railroad company make it liable in damages, although such a failure may not have been the cause of the injury.    The uncontradicted evidence is that both the engineer and fireman were on the lookout when the train was within a mile of the place of the accident, and one or both of them continued to be until the accident happened.    The engineer and fireman both testified that within about 300 feet of the place where the car was on the track the fireman discovered its presence, told the engineer, who put on the emergency brakes, and sounded the alarm whistle.    This statement is not contradicted as to the time they discovered the hand car on the track.    The issue of fact is, did the engineer, after discovering the hand car, sound the alarm whistle, and put the brakes down, and use every possible means to stop the train and prevent the accident?    The evidence of appellant tended to show that it was done.    The appellee's evidence tended to show that the alarm whistle was sounded.    The brakes were put down about the time the engine struck the hand car.    It was for the jury to determine, if it believed the testimony introduced by the appellee, whether the alarm whistle was sounded and the brakes put down

as soon as possible after the fireman discovered the hand car on the track. While this court would probably have reached a conclusion different from the one reached by the jury, it can not substitute its conclusion for that of the jury, for if it did so it would be invading the province of the jury. On the issue of fact stated we are of the opinion that the case should have gone to the jury, and we can not say the verdict is so palpably against the weight of the evidence as will justify the granting of a new trial.

The judgment is affirmed.