## Central Consumers Company v. Ralston.

(Decided October 9, 1923.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Judgment—Unnecessary, in Action to Enforce Judgment on Tort, to Prove Law of Another State.—In an action to enforce judgment of another state for damages rendered in a common-law action in tort, it was not necessary to allege and prove the law of such other state, unless plaintiff desired to take advantage of its provisions which differ from those in Kentucky, under Const. U. S. article 4, section 1.

2. Evidence—Common Law of Another State Presumed Same as that of Forum.—It will be presumed that the common law of another state is the same as that of the forum.

3. Parties—Effect of Judgment Against One Using Fictitious Name. —Under the common law of Kentucky, a party defendant to an

action who appears and defends a proceeding brought against him or it in a fictitious name, without disclosing to the court his or its true and correct name, is concluded by the judgment of the court in the same manner and to the same extent as if he or it had been sued in proper name.

4. Judgment—Presumed Foreign Judgment was Rendered by Court of General Jurisdiction.—In an action to enforce a judgment rendered in another state, it will be presumed that the court which tried the case was one of general jurisdiction, and had jurisdiction both of the person and of the subject-matter.

5. Constitutional Law—Enforcement of Foreign Judgment Not "Taking of Property Without Due Process of Law."—Where a corporation in Kentucky was doing business in Tennessee under a different and fictitious name, and permitted judgment to go against it for personal injuries in that name, the enforcement of the judgment in an action in Kentucky will not in any sense amount to a taking of its property without due process of law.

PETER, LEE, TABB & KRIEGER for appellant.

F. M. DRAKE, GORDON & LAURENT, and BRUCE, BULLITT & GORDON for appellee.

Opinion of the Court by Chief Justice Sampson—Affirming.

Some time previous to 1915, appellant, Central Consumers Company, took over the properties of Frank Fehr Brewing Company, of Louisville, and other breweries, and the Frank Fehr Brewing Company, a corporation, was dissolved. Notwithstanding this, the Central Consumers Company continued to use the name Frank Fehr Brewing Company as a trade name in conducting a part of its business. Some years previous to 1915 the Central Consumers Company established a branch house or distributing point in Nashville, Tennessee, and placed its agent, Bass Wiles, in charge. They provided him with a wagon and team for distributing beer and other products and also with a house or place of business. On the wagon in big letters was the name "Frank Fehr Brewing Company." On the door of the establishment was the same name. The letterheads and stationery used by Wiles in the conduct of the business carried the name of "Central Consumers Company," and "The Frank Fehr Brewing Company," and the business was conducted in the name of Frank Fehr Brewing Company as a branch of the Central Consumers Company, Inc.

On July 1, 1913, while operating the branch house in Nashville an injury was inflicted upon the person of

W. A. Ralston by the wagon and team provided by the
Central Consumers Company and operated in carrying
on the business in the name of Frank Fehr Brewing
Company, and Ralston instituted an action in the Tennes-
see courts against the Frank Fehr Brewing Company to
recover damages, and upon a trial was awarded $1,500.00.
This judgment was appealed to the Court of Civil Ap-
peals of the state of Tennessee, at Nashville, where it
was affirmed and the judgment entered awarding Ralston
$1,637.50, with interest until paid. In the meantime pro-
hibition became effective and the Frank Fehr Brewing
Company discontinued its business at Nashville and the
property of the Central Consumers Company returned
to it at Louisville, Kentucky. Appellee Ralston's judg-
ment was therefore uncollectible in Tennessee, and he
brought this equitable action in the Jefferson circuit court
to enforce the Tennessee judgment against the Central
Consumers Company, which it is alleged, was the sole
owner of the Frank Fehr Brewing Company, under which
name the business was conducted at Nashville. The an-
swer was a traverse. The consumers company deny its
connection with the Frank Fehr Brewing Company at
Nashville and deny its liability on the judgment obtained
in Nashville. Appellee Ralston insisted that the name
Frank Fehr Brewing Company was fictitious, and that
the business was conducted for the Central Consumers
Company alone and was owned by it. After considerable
delay appellee Ralston succeeded in obtaining a deposi-
tion of one of the employes of the Central Consumers
Company having charge of the books proving beyond
question that the business conducted in Nashville under
the name of Frank Fehr Brewing Company was the busi-
ness of the Central Consumer's Company and that Frank
Fehr Brewing Company was merely a trade name. Later
Bass Wiles, agent of the Central Consumers Company
in Nashville, gave his deposition, showing that he was
merely the agent of the Central Consumers Company
and that the business he conducted was the business of
the Central Consumers Company. It was further shown
in evidence that at the trial of the personal injury case
in Nashville the Central Consumers Company was repre-
sented by its agent, denying the liability of the Frank
Fehr Brewing Company and defended upon the ground
that Bass Wiles was not the agent of the Frank Fehr
Brewing Company; that the counsel who prepared the
defense and represented the Frank Fehr Brewing Com-

pany in that case was employed and paid by the Central Consumers Company, and that in truth and fact the Frank Fehr Brewing Company operating in Nashville was a branch and trade name of the Central Consumers Company of Louisville. When the case came on for hearing in the Jefferson circuit court and these facts were presented to the jury the court peremptorily directed it to find and return a verdict for Ralston, which it did, and it is of this ruling that the appellant Central Consumers Company now complains.

It insists that the judgment should be reversed because the appellee Ralston failed to allege or prove the law of the state of Tennessee with respect to the enforcment of a judgment obtained against a person or corporation under a fictitious name against the same person or corporation in its proper name. While is admits as true that the provisions of section 1, article 4 of the Constitution of the United States requires the various states of the union to give to the records of sister states, when duly authenticated and offered in evidence in another state, the same faith and credit to which they are entitled in the state whence it came, it insists that it is well settled that whenever it becomes necessary for a court of one state in order to give full faith and credit to the judgment rendered in another state to ascertain the effect which it has in that state, the law of that state must be proved like any other fact. In cases somewhat similar to the one at bar the Supreme Court of the United States has laid down such a rule, but each of those cases is readily distinguishable from the one at bar. Hanley v. Donahue, reported in 116 U. S. 1, and Sasquet v. La-Peyre, 242 U. S. 367. It is thoroughly established by the record, and not controverted by brief of appellant, that appellant Central Consumers Company was the sole owner of the name Frank Fehr Brewing Company which operated the place in Nashville at the time of the injury of Ralston and that the Frank Fehr Brewing Company under which its business was operated in Nashville at the time of the injury of Ralston was a fictitious name employed by appellant for the purpose of concealing its identity as well as for the purpose of enjoying the benefits of that trade name.

The personal injury case proceeded to trial at Nashville under the common law of Tennessee as in tort. This court is not presumed to know the law of Tennessee. We do not take judicial knowledge of the law of a sister

state. Union Central Life Insurance Company v. Dukes, 132 Ky. 370; L. & N. R. R. Co. v. Smith, 135 Ky. 462; 22 C. J. 928. To bring the common law of Tennessee to the attention of this and other courts of Kentucky it is necessary to both aver and prove it as any other fact. Yellow Poplar Lumber Co. v. Ford, By, etc., 141 Ky. 5; L. & N. R. R. Co. v. Smith, *supra;* I. C. R. R. Co. v. Jordan, 117 Ky. 512; Muhlenberg v. Sattler, 3 Met. 285; 15 R. C. L., pp. 1070 and 1071.

The averments of the pleading in the case at bar as to what the law of the state of Tennessee was at the time of the trial upon the subject of the collection of the Tennessee judgment obtained against one corporation or company and enforced against another, where the latter concern owned and controlled the former and acted for and on its behalf in making defense to the original action against the former, appear to be sufficient. Issue was joined by traverse, but we question the sufficiency of the evidence offered in support of the averments as to the law and its "effect" to sustain appellant's contention. A Tennessee lawyer was called as a witness to prove the law of his state upon the subject and on direct examination answered in substance that a judgment obtained in the courts of Tennessee in a suit brought against the Frank Fehr Brewing Company alone could not be enforced in equity against the appellant, Central Consumers Company, even though it was made to appear that the consumers company owned and operated the brewing company, and at the trial at which the judgment was obtained employed counsel who prepared and made defense for the brewing company. However, upon cross-examination the witness withdrew practically all if not entirely all of his assertions as to the law of the state of Tennessee given upon direct examination, and admitted that there was neither statute law nor decisions of the court of last resort of Tennessee to support him in point, but did cite a number of decisions of the courts of Tennessee by book and page but did not give the style of the case, and "Carruther's History of a Lawsuit" as supporting his statements of the law of Tennessee upon the subject of the enforcement of a judgment obtained in the courts of that state against a corporation operating a branch under a different name and title where the original suit and judgment were against the latter concern, and the defense in the original action was prepared and

made by the corporation, the real party in interest, but we do not find support for him in those citations.

We have examined each of the cases cited by the witness and find that they relate entirely to different subjects and do not in fact support in any measure the declarations of law made by the witness. For instance, his first citation is 5 Caldwell, page 371. The style of the case is not given. Turning to page 371 of 5 Caldwell Tennessee Reports, we find the case of H. & N. Jones v. B. W. Williamson, Jr., Admr., et al. The subject discussed is: Consent judgment: And it was held that such judgment cannot be set aside except for fraud and by original bill; that when such judgment is entered by consent of an unauthorized attorney it may be set aside by showing merits and no want of diligence; but that such judgment will not be set aside if the mover is guilty of laches. As will be seen from this brief statement the opinion does not relate to the subject under discussion.

The next citation given by the witness is 7 Caldwell 663, and at another place in his evidence is reference to page 573. On page 563 of that volume we find the case of Eliza Proudfit, Executrix, et al. v. W. T. Pickett, et al. The subjects discussed in that case are: A bill of review; parties to a suit, and final judgment. Under "bill of review" it is held in substance that the court cannot look to affidavits filed in the cause after the final decree; and further that such a bill can only be filed by leave of the court upon discoverey of new matter. Under "Parties to Suit," appearance by counsel, it is said. "It appears that the defendant was served with a copy of complainant's bill but not with subpoena, and that an answer was filed, and counsel appears and represents him in taking proof and making an agreement in reference to these depositions. Held, that these facts are sufficient to fix him with notice, not only of the pendency of the suit, but of its character. Under "Final Decree," the opinion holds in substance that the execution of a final decree will not be delayed by the defendants coming in, after the decree, by an affidavit, alleging equities between themselves. It will thus be seen that this opinion does not relate to the subject which the witness had under consideration. At page 573, the case of Marriman, Admr., &c. v. John Cannovan, et al., is reported, but the subject does not relate to the enforcement of a judgment. On the next page is found the case of Wardlow, Admr., etc. v. Steele, et al. The question was "The proper practice in chan-

cery concerning the sale of land.'' There was a motion
for judgment on appeal bond, but the opinion does not
relate to the subject which the witness was testifying.

The next case cited by the witness as supporting his
statement of the law of Tennessee is 8th Heiskell 871.
There we find the case of Archibald Brown, et al. v. State
of Tennessee. The first paragraph of the opinion reads:
''The judgment was rendered in the circuit court of
Lewis county on motion, against Brown as tax collector
and his sureties, for failing to pay over state taxes.'' It
was held that a notice that a motion will be made before
the circuit judge holding the circuit court of Lewis
county is not defective for failing to specify the place of
holding the court; and further that an appearance to de-
fend a motion is a waiver of notice; and that judgment
may go against the sureties on the bond. The opinion
does not relate to the subject about which the witness
was testifying.

He next cites 106 Tennessee 153. On that page we
find the opinion in the case of Lumber Co. v. Leiberman,
but it relates to chancery pleading and practice, and it
holds that a plea of jurisdiction is allowable after setting
aside of one *pro confesso*. The substance of the opinion
is that neither a confession of a judgment nor entry of ap-
pearance to move to set it aside waives the defendant's
right after such decree is set aside to plead in abatement
that he was not served with process. It is further held
in substance that the courts of the county in which a
domestic corporation has no office or agency, or resident
agent, cannot acquire jurisdiction of the company, over
its objection by plea in abatement, when process was
served on a traveling agent of the company who was
temporarily in the county transacting its business.

The next case cited is 8th Humphreys, page 529. On
that page we find the opinion in the case of Clark v.
Wright. The opinion in part reads: ''We are of opinion
that the decree of the chancellor in this case should be
affirmed because it appears that previous to the 27th of
November, 1840, the date of the deed of trust, and in
which the complainant as trustee claims the one hundred
and sixty acres of land in dispute, viz.: on the 31st day of
October, 1840, the same having been levied on as the prop-
erty of Wright, the vendor of the deed of trust, by virtue
of an execution issued from the supreme court of the
state of Tennessee at Nashville, and the same was sold
by the sheriff of DeKalb county, on the 19th day of De-

cember, 1840, to defendants Tubb & Kelly, and duly conveyed by him to them, and that they afterwards gained possession of the premises by action in ejectment, etc.'' But the opinion nowhere adverts to the subject under consideration in the case at bar.

The next case cited is 2 Caldwell 515. The style of the case found on that page is ''Town of Wartrace v. The Wartrace & Beech Grove Tunpike Company,'' and relates to the subject of the execution of process and upon whom to be served, holding that process against a city must be served upon the mayor or other head officer of the corporation, but that the sheriff having process against a corporation is not bound to show by his return that the person upon whom he served it is the president or other head officer. That case does not relate to the subject on which the witness was testifying.

The seventh and last case cited by the witness was 16 Lea 82. The style of the case on that page is Pope v. Harrison, and Pope v. Couts, and relates to jurisdiction, it being held that a collateral attack upon a judgment of a court of general jurisdiction should be made affirmatively to appear upon the face of the record; and that lapse of time, while it may not preclude a right of action for recovery of lands, greatly strengthens the presumptions arising upon the record, that the proceedings under which the lands were taken are valid.

The only other authority cited by the witness was ''Carruther's History of a Lawsuit.'' It is a mere text book, written as it appears to meet the needs of students of the law. It has been revised since its publication in 1850. It has never been adopted as the law of Tennessee and is in the same position as any other text book to which courts and lawyers sometimes resort for a statement of the principles of common law. As a general rule text books and works of commentaries are recognized authority on what is the law in a sister state and admissible as evidence to prove the common law of a state, but they are not the law unless adopted in and by the jurisdiction as such. 22 C. J. 928.

No specific section of ''Carruther's History of a Lawsuit'' is cited by the witness in support of his statement of the law of Tennessee, and we have been unable to find therein support for his position, and it is hard to find time to read the entire text to discover whether there is within the lids of that splendid work a line or syllable to support his statement. As well had he cited Kent's

Commentaries or Blackstone without giving the book and page, or, to bring it down to more recent times, to have cited Cyc. or Corpus Juris or Ruling Case Law without mentioning the book or page. The opinions which he did cite with book and page do not support his construction of the "effect" of the law, but on the contrary tend to disprove it.

It is a well settled principle that a witness who undertakes to prove the law of a state or sovereignty may be required to cite cases or other authority to sustain it, and if he undertakes to do so the court trying the case may look to such cited authority and determine for itself whether it supports the statement by the witness, and if so, to what extent, and may determine from such authority, if it can, the law upon the subject under consideration, and may find it to be very different to the abstract declarations of the witness. In other words, the court is not bound by the construction and "effect" which the witness puts upon the opinions and other authority cited by him but may make up its own opinion upon the subject. In the case of Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Austin's Admr., 141 Ky. 722, we said:

"When a witness is introduced in a case pending here, and states that certain opinions of the supreme court of another state establish a certain proposition, as the proper construction of a writing is a question for the court, not the jury, the court trying the case may read these decisions itself and determine their effect. But it cannot disregard the conclusions of the witness when it has not before it the facts upon which the witness bases his conclusion. When a witness testifies to the law of another state, he may be required on cross-examination to state on what decisions of the supreme court of the state or other authority he bases his judgment, and to file with his deposition copies of the opinion or authority relied on. When the witness refers to the opinions of the supreme court of another state as the basis for his conclusion, and files a copy of the opinions with the deposition, or where the books are accessible to the trial court, and by consent of parties he gives the style of the case and page of the book where it is found, then the court trying the case may read the opinion or opinions so designated, and see if they support the conclusion of the witness. Where

the testimony is conflicting as to what the law of another state is, and the witnesses reaching conflicting conclusions, give the opinions of the state court on which their conclusions are based, a court of this state may, in an action pending here, read the opinions so designated for itself and determine what is the proper construction to be placed upon them. In such an event the court should instruct the jury as to the law of the case just as he would instruct the jury as to the law of the case when governed by the laws of this state. In other words, the court must then determine what the law of the other state is by reading the indicated opinions themselves; and tell the jury what is the law of the case. (2 Wharton Conflict of Laws, section 773.)''

It was not necessary to the enforcement of this judgment for appellee to allege and prove the law in the state of Tennessee unless it desired to take advantage of provisions thereof which differ from those in Kentucky, if indeed there were such difference. The appellant had the privilege of pleading and proving the the law of that state in evidence. Under the common law of Kentucky, which we must presume, in the absence of proof although averred, was and is the same as that of Tennessee, a party defendant to an action who appears and defends a proceeding brought against him or it in a fictitious name without disclosing to the court his or its true and correct name, is concluded by the judgment of the court in the same manner and to the same extent as if he or it had been sued in its proper name. (Wilhite v. Convent, 117 Ky. 251; Cinti Cooperage Co. v. Bates, 96 Ky. 356; Studebaker Corp. v. Dodds & Runge, 161 Ky. 542; Postal Tel. Cable Co. v. Thornton, 153 Ky. 176.)

As we under the federal constitution and the acts of congress passed in pursuance thereof, must give full faith and credit to a properly authenticated judgment of a sister state, it results that the judgment of the Tennessee court in the case of Ralston v. Frank Fehr Brewing Company, which is certified and authenticated in the manner provided by congress, shall have the same force and effect in Kentucky to which it was entitled in the state of Tennessee, and as we must presume that the court which tried the case was one of general jurisdiction, and that it had jurisdiction both of the person and of the subject matter in the case of Ralston against the brewing company. We conclude, therefore, all these facts

considered, that the judgment given Ralston against the Frank Fehr Brewing Company, obtained in Tennessee and valid there is valid here; and inasmuch as the Central Consumers Company was the owner and operator of the Frank Fehr Brewing Company's wagon and team and business in Nashville at the time it struck and injured appellee Ralston, it was the real party defendant in that trial, and when its employed counsel, prepared and presented defense in that case it had its day in court, and the enforcement of this judgment in the Jefferson circuit court will not in any sense amount to a taking of its property without due process of law.

For the reasons indicated the judgment is affirmed. Judgment affirmed. Whole court sitting.