**ST. WALBURG MONASTERY OF BENEDICTINE SISTERS OF COVINGTON, KENTUCKY, Inc. d/b/a Mount Mary Hospital, et al., Appellants,**

v.

**Hazel FELTNER'S ADMINISTRATOR (Garrett Feltner), Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1955.

Willis W. Reeves and Maxwell P. Barret, Hazard, for appellants.

C. A. Noble, Sr., Hazard, for appellee.

MOREMEN, Judge.

Hazel Feltner, while a patient in the Mount Mary Hospital, a charitable institution, died allegedly because of negligent administration of oxygen, in postoperative treatment, by a named defendant, Sister Mary Gabriel. Appellee, Garrett Feltner, administrator of the estate of Hazel Feltner, brought suit against appellants, St.

Walburg Monastery of Benedictine Sisters, who operate the hospital, and Sister Mary Gabriel, which resulted in a verdict and judgment of $6,500.

So again we are confronted with the question of legal immunity of charitable institutions for the torts of their agents and employees.

■ In the recent case of Forrest v. Red Cross Hospital, Inc., Ky., 265 S.W.2d 80, this question and the philosophy involved were thoroughly discussed. There it was again affirmed that a charitable institution which devotes its income entirely to its maintenance is not liable for the torts of its agents and employees even though such alleged negligence might have been in violation of some duty imposed by either express or implied contract.

The majority of this court, which does not include the writer of this opinion or Justice Cammack, have found no reason to depart from the ruling in the Red Cross Hospital case.

■ In the case at bar, however, the appellee advanced the additional theory that since the charter under which appellants have been granted immunity results from an act of the General Assembly of Kentucky of 1867, and in the year 1891 our present constitution was adopted, the act is therefore unconstitutional because of Section 241 of the Constitution which reads in part:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same * * *."

In order to support this theory, reliance is had upon some language used by Justice Thomas in a dissenting opinion in Emery v. Jewish Hospital Ass'n, 193 Ky. 400, 236 S.W. 577, 582, where he said:

"If death follows, it is difficult to see why the provisions of section 241 of the Constitution would not afford an action for damages against the corporation, which neither the Legislature nor the courts could withhold."

That comment was made in a discussion of Cook v. John N. Norton Memorial Infirmary, 180 Ky. 331, 202 S.W. 874, L.R.A.1918E, 647, where a death claim was denied by application of the charity immunity doctrine. It overlooks, we believe, the fact that at common law no action for damages for death resulting from negligence of another could be maintained, because the right of action on account of the negligence died with the person. Our constitutional provisions, such as Section 241 of our present Constitution, were promulgated in order to remedy the obvious defect in the common law. Smith's Adm'r v. National Coal & Iron Co., 135 Ky. 671, 117 S.W. 280.

■ It would be equally anomalous if the occurrence of death granted a right of recovery of damages which would not have existed if the injured person had lived. In Singleton v. Felton, 6 Cir., 101 F. 526, the United States Circuit Court of Appeals held that under Section 241 of the Kentucky Constitution, the word, "negligence," is used in its well-known legal significance as meaning actionable negligence which would authorize a recovery for the injury if death had not ensued.

■ It is argued by counsel for appellee that the hospital is not a charitable institution because it presented statements to the Perry County Fiscal Court for services rendered to indigent patients and received payment of them. It was made clear in Forrest v. Red Cross Hospital, Inc., Ky., 265 S.W.2d 80, that the test in the determination of its character lies in the use of the organization's income—not in the source of the money which makes its operation possible.

Judgment reversed and case remanded for proceedings consistent with this opinion.

HOGG, J., did not sit in this case.