**802**

Cassie GRIFFITH, Appellant,

v.

ST. WALBURG MONASTERY, etc.,
Appellee.

Court of Appeals of Kentucky.

May 10, 1968.

C. A. Noble, Jr., Hazard, for appellant.

W. W. Reeves, Reeves, Barrett, Cooper & Ward, Hazard, for appellee.

DAVIS, Commissioner.

The question is whether it was proper to grant summary judgment dismissing appellant's complaint.

Cassie Griffith filed her complaint seeking damages for personal injuries allegedly sustained while she was a patient at Mount Mary Hospital. The complaint was captioned as being brought against St. Walburg Monastery of Benedictine Sisters of Covington, Kentucky, Inc., doing business as Mount Mary Hospital, and contained the plural word "defendants." Summons was issued bearing the same style as the complaint, and service was had upon Sister M. Barbara, administrator of the Mount Mary Hospital, Hazard, as "chief process agent and/or agent in Perry County, Kentucky," for St. Walburg Monastery.

In its answer St. Walburg Monastery denied all allegations of the complaint and pleaded lack of jurisdiction over the subject matter contained in the complaint "because it is not now and was not heretofore doing business as Mount Mary Hospital." The answer contained an attack on the sufficiency of service of process based on the allegation that St. Walburg Monastery has no agents, servants, or employees in Perry County, coupled with the allegation that Sister M. Barbara is not the chief process agent, or agent, or servant of any kind of St. Walburg Monastery. The defendant followed its answer by a motion to dismiss or, in the alternative, for summary judgment. The motion was accompanied by the affidavit of Sister M. Barbara in which it was recited that Mount Mary Hospital is a separate corporation, having been incorporated May 18, 1964. The affi-

davit further recited that St. Walburg Monastery of Benedictine Sisters is a distinct corporation and has no business connection with the operation of Mount Mary Hospital. It was also shown by the affidavit that Sister M. Barbara was not a process agent or other agent of St. Walburg Monastery.

■ Opposing the motion for summary judgment, the plaintiff filed her response accompanied by certain evidentiary materials which she contends were sufficient to create a showing of genuine issue of material fact. The evidentiary material presented by plaintiff included pleadings in a former civil action in the Perry Circuit Court in which the St. Walburg Monastery was sued as being the operator of Mount Mary Hospital and in which it acknowledged that capacity. (The case referred to was appealed to this court, and its disposition is reflected in St. Walburg Monastery, Etc. v. Feltner's Adm'r, Ky., 275 S.W.2d 784.) Another item of evidentiary material presented by the plaintiff was a billing for services to her dated November 8, 1965, on a statement bearing the printed heading:

MOUNT MARY HOSPITAL

BENEDICTINE SISTERS OF COVINGTON, KENTUCKY

HAZARD, KENTUCKY

Additionally, the plaintiff filed a photograph of the front window of the Mount Mary Hospital taken April 19, 1967, containing the legend, "Mount Mary Hospital conducted by the Benedictine Sisters of Covington, Kentucky."

The court concluded that there was no valid service of process on St. Walburg Monastery of Benedictine Sisters of Covington, Kentucky, Inc.; that Mount Mary Hospital is a separate corporation, has operated the hospital since May 18, 1964, and was an indispensable party. The court held that there was no genuine issue as to any material fact and that no judgment could be rendered against St. Walburg Monastery of Benedictine Sisters of Covington, Kentucky, Inc., and rendered a summary judgment dismissing the complaint. This appeal tests that action of the trial court.

In 56 A.L.R. 450 it is written: "It seems to be universally recognized that a corporation may do business under an assumed name, or under a name differing from its true corporate name." Supporting that proposition, many cases are cited including Neff v. Covington Stone & Sand Company, 108 Ky. 457, 55 S.W. 697, 56 S.W. 723. Later Kentucky cases of like import are Central Consumers' Company v. Ralston, 202 Ky. 94, 259 S.W. 67, and Meredith v. Universal Plumbing & Construction Company, 272 Ky. 283, 114 S.W.2d 94. It is our view that the allegations and evidentiary materials presented by the appellant-plaintiff were sufficient to create a genuine issue as to the material fact whether St. Walburg Monastery of Benedictine Sisters of Covington, Kentucky, Inc., was doing business as Mount Mary Hospital when appellant allegedly sustained her injuries in November 1965. The fact that separate corporate entity for Mount Mary Hospital has been established is not conclusive of the question at hand. It seems to us that the St. Walburg Monastery corporate entity could and may be "doing business as Mount Mary Hospital" just as freely through the corporate entity as it did before the entity was placed in corporate form.

■ As respects the sufficiency of the service of process, CR 4.04(5) provides:

"Service shall be made upon a corporation by serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf."

If it is demonstrated that St. Walburg Monastery of Benedictine Sisters of Covington, Kentucky, Inc., is indeed doing business as Mount Mary Hospital, it would

appear that the service of process upon the administrator of the hospital, in an action brought in Perry County where she serves as such administrator, would meet the requirements of the quoted rule.

We are not to be understood as deciding whether St. Walburg Monastery is doing business as Mount Mary Hospital. We hold only that it was improper to grant summary judgment that it is not so operating Mount Mary Hospital on the face of the record at hand.

The judgment is reversed for such further proceedings as may be consistent with the opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.

MONTGOMERY, J., dissents.