James H. ISAACS et al., Appellants,

v.

Jimmie COX et al., Appellees.

Court of Appeals of Kentucky.

June 21, 1968.

Rehearing Denied Oct. 4, 1968.

Harold K. Huddleston, Huddleston & Van Zant, Elizabethtown, for appellants.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellees.

STEINFELD, Judge.

Appellants, James H. Isaacs and Rosie Isaacs, contracted with appellees, Jimmie Cox and Carolyn Cox, to purchase a house and lot in Hardin County, Kentucky, for $11,500.00. Pursuant to the contract the purchase price was paid, a deed was executed and the Isaacses took possession. They sued the Coxes for a rescission and damages or alternately for damages on the claim that the terms of the contract had been violated and there was fraud and misrepresentation in obtaining it. The Coxes moved that the action be dismissed. The court, apparently treating the motion as one for summary judgment pursuant to CR 56.03, entered a final judgment sustaining that motion. This appeal is from that judgment.

The complaint alleged that there were misrepresentations as to the water system, the construction of the house and that the Coxes represented "that certain additional work and materials would be provided on the premises after the date of the deed and possession of the premises by the plaintiffs." It also charged that "the additional work agreed to and represented by defendants ha(d) not been performed." It continued, "By reason of said defects, misrepresentations, and refusal of defendants to perform the agreed work, the actual value of the property conveyed is Five Thousand ($5,000.00) less than the value would have been had said representations been true and correct and said work been performed."

The contract which was filed pursuant to a motion of appellees, provided in part that:

"This offer includes that property to be completely finished, landscaped, seeded, water system installed, concrete floor in carport and walkway from front door to driveway. Drive way gravel. Two coats of paint on triming. Subject to purchaser inspection and approval."

Depositions of Mr. and Mrs. Isaacs were taken and while there was equivocation as to certain facts there was testimony that some of the work which the contract provided would be done had not been performed. Also these parties deposed that representations later proved false had been made to them although it is not entirely clear from the testimony as to whether the representations were made by the Coxes or by their real estate listing broker and when made.

The trial court apparently construed this case as one based purely on misrepresentation. We do not so conceive it for it is our opinion that it is predicated both on alleged misrepresentation and a failure of performance of some of the terms of the written contract.

The Coxes erroneously claim that any representations made by the real estate broker cannot impose liability on them. The general rule is fully stated in 37 Am. Jur.2d 417, Fraud and Deceit, section 316, wherein it is said:

"The general rule is well settled that a principal is responsible for his agent's fraud in effecting a sale. * * * If the representations are made by the agent as a part of the negotiation for the

purpose or bringing about the sale, and by means of this it is brought about, the conveyance made, and the proceeds of sale received, this brings the case within the general rule that a principal is responsible for such acts of his agent as are done within the scope of his authority, whether authorized or not, except by the general authority to do the principal act."

This rule was approved in McGuffin v. Smith, et al, 215 Ky. 606, 286 S.W. 884 (1926).

■ Misrepresentations, if any, as to water quality or supply, were material. See cases involving wells or other forms of water supply or water conditions in 37 Am.Jur.2d 419.

■ A summary judgment is authorized only when there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56.03. "All doubts are to be resolved in favor of the party opposing the motion. The movant should not succeed unless a right to judgment is shown with such clarity that there is no room left for controversy and it is established that the adverse party cannot prevail under any circumstances." Clay, Kentucky Practice, Volume 7, page 164. Recent cases holding that it was error to sustain a motion for summary judgment are Roberts v. Davis, Ky., 422 S.W.2d 890 (1967); Griffith v. St. Walburg Monastery, Ky., 427 S.W.2d 802 (1968) and Barton, et al v. Gas Service Co., Inc., Ky., 423 S.W.2d 902 (1968).

■ Since this case is reversed we deem it proper to consider the claim of the sellers that any statements made by them or their agent are not admissible in evidence. They point out that the contract provides:

"We have read the entire contents of this contract and acknowledge receipt of same. We are not relying on verbal statements not contained herein. We further certify that we have examined the property described hereinabove; that we are thoroughly acquainted with its condition and accept it as such."

The sellers rely upon Hopkinsville Motor Company v. Massie, 228 Ky. 569, 15 S.W. 2d 423 (1929); Kentucky Road Oiling Co. v. Sharp, 257 Ky. 378, 78 S.W.2d 38 (1935) and Dreyer-Whitehead & Goedecke, Inc. v. Land, 309 Ky. 113, 216 S.W.2d 413 (1949). Those cases held that the written terms of a contract of sale were controlling and that oral representations of a contradictory nature could not be introduced for the purpose of varying the contract. The buyers offer the testimony, not for the purpose of varying the contract, but in order to prove misrepresentations which induced them to enter into it. Such testimony is admissible even though the contract contained the above quoted provision. Bryant v. Troutman, Ky., 287 S.W.2d 918 (1956). Also see Sanders, Inc. v. Chesmotel Lodge, Inc., Ky., 300 S.W.2d 239 (1957).

We, therefore, conclude that the motion to dismiss, which the court treated as a motion for summary judgment, should have been overruled.

The judgment is reversed for proceedings not inconsistent with this opinion.

HILL, MILLIKEN, PALMORE and WILLIAMS, JJ., concur.

MONTGOMERY, C. J., was not sitting.