## N. K. FAIRBANK CO. v. LUCKEL, KING & CAKE SOAP CO.

(Circuit Court, D. Oregon. February 21, 1901.)

### No. 2,426.

TRADE-MARK—INFRINGEMENT—ACCOUNTING—LACHES.
    Right to an accounting of the gains and profits of an infringer of a trade-mark is barred by laches, he having openly sold his product under the infringing label for over three years, to the knowledge of, and without objection by, the owner of the trade-mark.[1]

Fenton & Muir, for complainant.
Cake & Cake, for defendant.

GILBERT, Circuit Judge. On an appeal taken from the decree of this court (88 Fed. 694) to the United States circuit court of appeals for the Ninth circuit it was found that the complainant in this cause was entitled to an injunction against the defendant's use of the trade-mark name, "Gold Drop," upon the ground that it infringed the trade-mark name of the complainant, "Gold Dust,"—a name under which the complainant had manufactured and sold packages of a certain soap since the year 1887. The cause being remanded to this court, the question is now presented whether, upon such injunction, and upon the case presented in the bill and the testimony, the complainant is entitled to a decree directing that an accounting be had of the gains and profits which accrued to the defendant while using such infringing trade-mark name. I think that the laches of the complainant are such that the court would not be justified in directing such account. The defendant, at Portland, Or., began to manufacture and put upon the market its soap, in packages marked "Gold Drop," in June or July, 1894, and continued so to vend the same until the commencement of the present suit. A short time after the defendant's soap "came out" the attention of the complainant was directed to the fact of such manufacture and sale by its representative for the states of Oregon, Washington, and Idaho, who then resided at Portland, and as such representative has since there resided, with the exception of 18 months in 1895 and 1896. He purchased and sent to his company a package of the defendant's product. The complainant took no notice of such manufacture and sale of soap under the name of "Gold Drop," and made no claim in any way that the

---

[1] Laches as defense to suit for infringement, see notes to Taylor v. Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.

use of that name infringed its trade-mark, until September 17, 1897, and brought no suit against the defendant until December 11, 1897, when the present suit was begun. During all the period between July, 1894, and September 17, 1897, the defendant was permitted to openly sell its product under the name of "Gold Drop," with the knowledge and apparent consent of the complainant. All the decisions hold that laches on the part of the owner of a trade-mark in asserting his right against one who infringes it, while it may not bar his right to seek the intervention of a court of equity by injunction, bars his right to require an accounting of the gains and profits earned by the infringer. The length of time of such laches which shall be deemed to be an assent to the use of a trade-mark may differ according to the circumstances of different cases. Much will necessarily depend upon the extent of the knowledge which the complainant possessed of the invasion of his rights and upon the intention of the infringer, whether fraudulent or not.

In the present case the complainant had, from the first, full and ample knowledge of the infringement, and it may be said to be doubtful whether a fraudulent intention existed upon the part of the defendant. In such a case, laches for a much shorter period than that which intervened in this case have been held sufficient to justify the denial of relief by way of accounting. In the leading case of Harrison v. Taylor, 11 Jur. (N. S.) 408, cited with approval in McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828, it was held that the failure of the complainant to assert his right, as against an infringer of his trade-mark, within a year from the date of the discovery of such infringement, was such laches as to bar his right to recover profits. In Beard v. Turner, 13 Law T. (N. S.) 747, a delay of two years was held to be laches sufficient to authorize the denial of such relief. In Low v. Fels (C. C.) 35 Fed. 361, it was held that the complainants were not entitled to an account of profits, for the reason that for nearly four years they had notice that their trade-mark was in common use. Under the authority of these decisions, an account of past gains and profits must be denied.