## C. B. FLEET CO., Inc., v. MOBILE DRUG CO. ·

(Circuit Court of Appeals, Fifth Circuit. November 28, 1922.)

### No. 3875.

**1. Trade-marks and trade-names and unfair competition ⊕➡92—Bill for infringement held without equity.**

A bill for infringement of complainant's trade-mark, "Phospho-Soda," by the manufacture and sale by defendant of a similar preparation under the trade-name "Phospho," *held* without equity, where it shows that defendant's trade-mark was registered 14 years before complainant's, and it is not alleged that complainant had any trade in the state of defendant's manufacture, or in adjoining states wherein it is alleged that defendant's product is sold.

**2. Trade-marks and trade-names and unfair competition ⊕➡86—Suit for infringement held barred by laches.**

Unexcused delay for 19 years before bringing suit for infringement of trade-mark during all of which time defendant's trade-mark had been registered and in use, *held* such laches as to bar right to relief.

**3. Equity ⊕➡88—Defense of laches need not be pleaded, where disclosed by bill.**

It is not necessary to plead the defense of laches, where the facts are disclosed by the bill.

Appeal from the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Suit in equity by the C. B. Fleet Company, Incorporated, against the Mobile Drug Company. Decree for defendant, and complainant appeals. Affirmed.

Fred Harper, of Lynchburg, Va. (Harper & Goodman, of Lynchburg, Va., on the brief), for appellant.

Norvelle R. Leigh, Jr., of Mobile, Ala. (Smiths, Young, Leigh & Johnston, of Mobile, Ala., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. [1] C. B. Fleet Company, Incorporated (herein styled plaintiff), filed a bill in the United States District Court for the Southern District of Alabama against Mobile Drug Company (herein styled defendant), alleging that since 1894 it had been engaged in making and selling a medicinal preparation known as "Phospho-Soda." Its sales have been enlarged in volume and territory from time to time, and now embrace all of the Southern States, with other territory. In 1916 it registered the trade-name "Phospho-Soda" in the United States Patent Office as a trade-mark.

The defendant Mobile Drug Company is now, and for a number of years past has been, engaged in the manufacture and sale of a preparation of like general character and appearance to "Phospho-Soda," under the name "Phospho," and under such name is advertising and selling said preparation in the Southern States, especially Alabama and Florida. The word "Phospho" was registered in the United States Patent Office as a trade-mark by George P. L. Reid, a predecessor in title of said defendant, in 1902. The Mobile Drug Company in 1911

⊕➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

acquired the business and title to its preparation and the rights of Reid and all others in the use of the name "Phospho."

The defendant's preparation was originally made by one Shivers, who had been in the employ of C. B. Fleet, the originator and first manufacturer and vendor of plaintiff's preparation. Shivers, on leaving the employment of Fleet, brought with him to Alabama certain sample quantities of Fleet's preparation and associated himself with George P. L. Reid and others, and by analysis and study thereof evolved a preparation of like general character, appearance, and effect on the human system. These persons organized a corporation under the corporate name of Phospho Chemical Company. The defendant purchased all of its property rights.

From the averments of the bill it would appear that plaintiff was not then selling its preparation in Alabama and adjacent states, as the allegation is that the defendant and its predecessors embarked in business to anticipate the extension of the sales of Phospho-Soda in Alabama and neighboring states. The bill charges fraudulent purposes in the manufacture of defendant's preparation and the registration and use of the trade-mark "Phospho"; but no facts are alleged supporting such charge, except that Shivers left Fleet's employ, taking with him certain samples of Fleet's preparation, and thereafter analyzed the same and concocted a preparation of like general nature and effect, and that in the year 1902 the trade-mark "Phospho" was registered. The bill was dismissed on exceptions thereto filed by the defendant.

That neither Fleet, nor his successors in title, had any exclusive right to manufacture, or sell, the preparation manufactured by him and them, is not disputed. It was open to be manufactured and sold by any one. It is not averred that Shivers was under any contract which prevented him from making and vending a preparation of like general character and effect. The only contention is that the use of the word "Phospho" is an illegal infringement of plaintiff's trade-mark, "Phospho-Soda."

The word "Phospho" is a descriptive word, denoting "combining forms of phosphorus." See "Phospho," Webster's New International Dictionary (Ed. 1912). A similar definition is given in other recognized dictionaries. Soda is a well-recognized descriptive name of a particular drug.

It might well be contended that both "Phospho" and "Phospho-Soda" are such merely descriptive terms as are not the subject of valid trade-marks. Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U. S. 446, 31 Sup. Ct. 456, 55 L. Ed. 536; Warner v. Searle & Co., 191 U. S. 195, 24 Sup. Ct. 79, 48 L. Ed. 145; Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 Sup. Ct. 625, 35 L. Ed. 247. But, if either word is subject to registration as a valid trade-mark, defendant's trade-mark, "Phospho," has been registered since 1902, 14 years before plaintiff's trade-mark was registered, and defendant and its predecessors have continuously used said trade-mark to describe their goods since 1902.

It cannot be contended that the averments of this bill showed such unfair trade as entitled plaintiff to an injunction. The bill shows that

since 1902 defendant and its predecessors had been vending its preparation as "Phospho" in Alabama and neighboring states. There is no averment that plaintiff had any trade whatever in the territory which defendant and its predecessors were supplying. Indeed, the complaint is that defendant has long since occupied territory into which plaintiff now proposes to extend its trade.

[2] But the court could well have dismissed this bill and denied relief because of the laches of plaintiff which it disclosed. The defendant and its predecessors had been manufacturing their preparation since at least 1902. Its alleged trade-mark "Phospho" was registered in that year. In 1911 this business and all rights in said name were disposed of by their then owners to the present defendant. During all this time the plaintiff took no steps to prevent the building up of said business, the outlay made therein, nor its sale to the defendant, after 9 years of prior use by the vendor but sat quiet during the continued public conduct thereof by the defendant for ten more years, before the bill was filed in this case. It is true that plaintiff alleges, generally, that it was ignorant of the facts until recently; but no reason why it was so ignorant, no concealment by defendant, is alleged.

[3] It is not necessary that laches should be pleaded, for the court to deny relief in a case where the plaintiff's averments disclose it. "In Willard v. Woods, 164 U. S. 502, 524, the court said: 'But the recognized doctrine of courts of equity to withhold relief from those who have delayed the assertion of their claims for an unreasonable length of time may be applied in the discretion of the court, even though the laches are not pleaded or the bill demurred to. Sullivan v. Portland & Kennebec Railroad, 94 U. S. 806, 811; Lansdale v. Smith, 106 U. S. 391, 394; Badger v. Badger, 2 Wall. 87, 95.'" Penn Mutual Life Ins. Co. v. Austin, 168 U. S. 685, 697, 18 Sup. Ct. 223, 228 (42 L. Ed. 626). We think the facts disclosed by the plaintiff's own averments showed such laches as deprives him of equitable relief.

We find no error in the decree dismissing the bill, and it is affirmed.