### McMAHON v. HARMS, Inc.

District Court, S. D. New York.

Jan. 9, 1942.

Kramer & Galgano, of New York City, for plaintiff.

R. W. Perkins, of New York City (Stanleigh P. Friedman and Joseph D. Karp, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a musical copyright case in which the complaint alleges infringement of two of plaintiff's compositions, but which, on defendant's motion at the trial, was restricted to the alleged infringement of plaintiff's musical composition entitled "In Sunny Kansas". The accused composition published by the defendant is entitled "Love Sends A Little Gift Of Roses".

The plaintiff secured copyright registration of his composition on March 16, 1908. The plaintiff was a member of Gilmore's band and published the composition in 1908. He sold some copies and testified that the composition was played by bands and orchestras and in theatres where he worked.

The composer of "Love Sends A Little Gift Of Roses" was an Englishman, John Openshaw, and Leslie Cooke, also an Englishman, was the lyricist. Before taking up the question of infringement it will be helpful to consider the matter of access. The plaintiff admitted that at no time did he submit "Sunny Kansas" or his later ballad based thereon, "Love Will Find Your Heart" to the defendant or to any other affiliated person, firm or corporation; he admitted that neither were they sub-

mitted to Openshaw or to Cooke, or to Francis, Day & Hunger of London, England, the original publishers of "Love Sends A Little Gift Of Roses". The plaintiff testified that in 1918 he had submitted a manuscript copy of his "Love Will Find Your Heart" to Nora Bayes, an actress, and he assumed that since she had not returned the copy to him, Openshaw had obtained it from her. There is not the slightest proof of that wild assertion. On the contrary, Openshaw, when cross-examined by plaintiff's attorney during the taking of his deposition in England, said that at no time did he know Miss Bayes, that he had never met her, and indeed that he had never heard of that actress. He likewise said that he had no agents nor representatives in the United States during the period in question, March, 1908 to July, 1919, to procure or send him copies of copyrighted or published musical compositions; and finally that he had never heard of the plaintiff's march prior to the institution of this action. The plaintiff's own testimony and attitude on the stand convinced me beyond any lurking doubt that he had no proof whatsoever that either of his compositions ever reached the hands of Openshaw or Cooke. Openshaw is a composer by profession and had an education in music dating back to preparatory school days in 1890. Thirty of his songs and musical compositions were published between 1909 and 1932.

The inspiration for "Love Sends A Little Gift Of Roses" came to him in 1916. The plaintiff seeks to argue from Openshaw's answer to one of the interrogatories that it is hardly conceivable that without access to the plaintiff's composition the defendant could have written the first phrase contained in plaintiff's first and second bars, and then originally have finished off that phrase with a dotted quarter note and an eighth note; and then have continued with the phrase contained in the plaintiff's fourth and fifth bars, and again have finished off that phrase with a dotted quarter and an eighth note. Openshaw said: "(He) Cooke made the suggestion that the quaver (1/8th note) should be cut out; the dotted crotchet (the dotted quarter note) the first note of the bar should become a minim (1/2 note) and therefore he would only have two syllables in the bar which is really merging two notes into one. It is nothing more than that. It is hardly an alteration. It is just merging two notes into one."

A finding of access cannot be based upon such a tenuous disclosure of similarity.

Moreover, it must be observed that Openshaw had available to him in the prior musical art at least five compositions wherein are employed the identical six notes of the plaintiff's composition upon which plaintiff rests his claim of infringement, and they appear in the same sequence, as indeed plaintiff's counsel conceded. These compositions are: "Down Where The Wurtzburger Flows", by Harry Von Tilzer, copyrighted 1902; "Love, Love, Love" by J. B. Mullen, copyrighted in 1902; "Sympathy" by Rudolph Friml, copyrighted 1912; "Ein Traum" by Grieg, copyrighted before his death in 1907; "I'm The Captain of The Pinafore", concededly in the public domain prior to 1903. This sequence of notes so widely used in the art led Professor Clark, defendant's expert, to say that the plaintiff's composition was "rather trite".

It may also be noted that "In Sunny Kansas" is a march, played in two-quarter time which makes a lively rhythm, whereas the defendant's composition is designed to accompany a song.

I must come to the conclusion then that plaintiff's composition shows no striking originality and also that there is no substantial similarity in the defendant's composition, for the character of the latter is totally different from the plaintiff's. Even if it could be held that "substantial similarity resulted from the employment of the six notes in the same sequence" the plaintiff nevertheless must be defeated because there is no proof of access, and the prior musical art sufficiently discloses the same notes in the same sequence. Darrell v. Joe Morris Music Co., 2 Cir., 113 F.2d 80; also Arnstein v. Edward B. Marks Musical Corp., 2 Cir., 82 F.2d 275.

Finally it appears that whatever rights plaintiff had were not prosecuted with vigor. He testified that he heard of the defendant's composition in 1922. Some time thereafter an action was begun in the United States District Court for the Southern District of California, Central Division. The clerk's certificate shows that the cause came on to be heard on January 18, 1932 and the suit was dismissed against the defendant, Harms, Inc., for lack of jurisdiction of the person, as Harms, Inc. was not found in the Southern District of California, nor had it an agent therein.

781

The order of dismissal was filed January 29, 1932. The present action was not begun until October 8, 1937. Thus fifteen years have passed during which time the plaintiff knew of the alleged infringement. During this same time it appears that defendant's song became very popular and though there is no evidence as to how much money the defendants expended in exploiting the song, it may safely be assumed that a change in position resulted from the failure of the plaintiff to prosecute his alleged cause of action. The defense of laches must be sustained. Hume v. Beale's Executrix, 84 U.S. 336, 17 Wall. 336, 21 L.Ed. 602; McKnight v. Taylor, 42 U.S. 161, 1 How. 161, 11 L.Ed. 86; Whitney v. Fox, 166 U.S. 637, 17 S.Ct. 713, 41 L.Ed. 1145; Patterson v. Hewitt, 195 U.S. 309, 25 S.Ct. 35, 49 L.Ed. 214; Gillons v. Shell Co. of California, 9 Cir., 86 F.2d 600; C. B. Fleet Co. v. Mobile Drug Co., 5 Cir., 284 F. 813; Middleby-Marshal Oven Co. v. Williams Oven Co., 2 Cir., 12 F.2d 919; Fairbank Co. v. Luckel, King & Cake Soap Co., C.C., 106 F. 498.

The complaint will be dismissed. Submit findings of fact and conclusions of law in conformity with the foregoing opinion.