**Clarence Reed GREGORY, Appellant,**

v.

**Charles GRANTZ, Individually, and Irvin J. Kupper, Individually, and Otto Drugs, Inc., Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1980.

Joseph L. White, Kim Quick, Louisville, for appellant.

Robert L. Maddox, Raymond M. Burse, Louisville, for appellees.

Before GANT, COOPER and REYNOLDS, JJ.

GANT, Judge.

Appellant, Clarence R. Gregory, was the owner of two drug stores doing business under the names Otto's Laddie Drugs No. 2 and Otto's Laddie Drugs No. 4. In September, 1968, he entered into an agreement with Charles E. Otto, who owned Otto's Laddie Drugs No. 1 and Otto's Laddie Drugs No. 3, Mr. Otto's name obviously being the source of all four titles. None of these four businesses was incorporated at that time. The agreement gave to Gregory

the exclusive right to use the name Otto Drug Stores, Inc. and consent to use this name for the incorporation of additional drug stores under KRS 271.045(2), or to use the name under KRS 365.010. Shortly after acquiring this right to the names, appellant incorporated his two stores as Otto Pharmacy No. 2, Inc. and Otto Drugs No. 4, Inc.

On January 1, 1969, appellant merged his two corporations with two corporations of the appellees, viz., Grantz Bittersweet Drugs, Inc. and Grantz Poplar Level Drugs, Inc., the consolidated and surviving company bearing the name of Otto Drugs, Inc. This corporation continued to operate the four stores and in October, 1975, appellees Grantz and Kupper bought out the appellant for an undisclosed amount of cash and a corporate note in the amount of $210,000. The note was payable in four annual installments of $52,500 each, the last installment being due and payable September 30, 1979. On October 9, 1979, just nine days after the last installment was paid, and for the first time, appellant notified his former associates that they should cease to use the name "Otto," or "Otto Drugs, Inc.," which names he claimed were his exclusively. When appellees failed to accede to his demands, action to enjoin the use of these names and for damages for the use of the names since the appellant sold his stock was brought. Appellant appeals from the order dismissing his complaint. We affirm.

■ As previously noted, appellant initially owned three things. He owned two unincorporated drug stores and the right to incorporate under the name of Otto Drugs, Inc., or any derivative thereof. He then incorporated the two stores and used the right for the use of the name in both corporations. At this juncture, the trade name and the corporate name became the same, merging into one, and the trade name was the property of the corporation. Appellant had obviously consumed his individual right to the name and placed this "property" into the corporation. Any other construction would lead to chaos. For example, suppose Mr. Acme filed a notice in the clerk's office

pursuant to KRS 365.010, to do business under the assumed name of Acme Novelty Company. He operates in this manner for a period of years and then incorporates as the Acme Novelty Company, Inc. Some time later, he sells all the stock in Acme Novelty Company, Inc., and immediately after the sale he seeks to enjoin the purchasers from the use of the company name on the ground that it was his since he first obtained permission for its use by doing business under the assumed name. Obviously, when the trade name becomes the corporate name, they merge into one and the name becomes the property of the corporation.

Appellant cites *Artiste Permanent Wave Company v. Hulsman*, 271 Ky. 695, 113 S.W.2d 55 (1938), and *Meredith v. Universal Plumbing & Construction Co.*, 272 Ky. 283, 114 S.W.2d 94 (1938). These cases are cited for the proposition that the corporate name and the trade name are not necessarily one and the same but are two separate entities. However, it should be noted that in both of these cases the trade name was different from that of the corporation name and not merged therein as was the case here.

■ When the four corporations merged, the appellant obviously gave his consent, both individually and as president of his two corporations, to the use of the name Otto Drugs, Inc. by the surviving corporation. Even had we felt that the name Otto Drugs, Inc. was not the property of the corporation, his signature as an individual to the Articles of Merger constituted his consent that the surviving corporation use the name. However, it being our opinion that at the time of the consolidation it was the property of the corporation, KRS 271.-485 is dispositive of the question, when that statute states:

(3) The surviving or new corporation, as the case may be, shall possess all the rights, privileges and franchises possessed by each of the former corporations so merged or consolidated ...

(4) All the property of each of the corporations ... shall be taken and be deemed to be transferred to and vested in the

surviving or new corporation, as the case may be, without further act or deed.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.